HARRY KATZ, PROSECUTOR IN CERTIORARI, v. FANNIE ZEPELA, DEFENDANT IN CERTIORARI.

Submitted October 19, 1931—Decided February 15, 1932.

Before Justices TRENCHARD, DALY and DONGES.

For the prosecutor in certiorari, Emil Neblo.

For the defendant in certiorari, Minturn & Weinberger.

PER CURIAM.

This writ of certiorari brings up for review an order of the workmen's compensation bureau which vacated an order made on February 28th, 1929, which latter order dismissed the petition for compensation of the defendant in certiorari.

Fannie Zepela (hereinafter sometimes called the petitioner) is seeking to obtain compensation for the death of

her husband as the result of an accident arising out of and in the course of his employment as a painter by Harry Katz, hereinafter sometimes called the prosecutor.

The accident occurred in New York City, on January 19th, 1928. Compensation proceedings were instituted in New York and resulted in judgment in favor of Mrs. Zepela against Katz but not against the insurance carrier on the ground that by the terms of the insurance policy the coverage was confined to the employers' operating in the State of New Jersey. This judgment was affirmed by the Appellate Division on February 19th, 1929.

The prosecutor resided and has his place of business in New Jersey.

On December 4th, 1928, the petitioner filed a petition in this state for compensation, which was dismissed on February 28th, 1929, on the ground of lack of jurisdiction, the evidence then being, as in the New York case, that the hiring took place in New York. Suit was started in this state on the New York judgment and then discontinued. Apparently the judgment against Katz is uncollectible. Subsequently a petition was filed seeking to have the order of dismissal set aside and the proceedings re-opened. On April 30th, 1931, an order was entered to this effect and prosecutor now seeks to have it set aside.

It appears that in the compensation case in New York, and at the time of the dismissal of the petition in New Jersey, Katz testified that he met the decedent in New York and hired him in that city. Later he was indicted for a violation of the New York statute in failing to carry insurance to cover his employes. Upon the trial of this indictment he testified that he hired decedent by telephone from his home in Jersey City. He further testified that his original story was prompted by an employe of the insurance company. Upon this testimony he was acquitted. So the petitioner now claims that a fraud was perpetrated upon the New Jersey compensation bureau when the petition was dismissed. It appears that this is so.

The prosecutor claims that the bureau was without juris-

diction to set aside the order dismissing the petition and that it could obtain jurisdiction only by the filing of a new petition, which he says could not be done here because more than a year has elapsed since the accident.

But we consider that this case is controlled, so far as this court is concerned, by the decision of the Supreme Court in *Rose* v. *Wagner Construction Co., 2 N. J. Mis. R.* 118, where it was said:

"The petitioner was working at the Jersey City yards of the Erie Railroad Company when his leg was accidentally crushed in a turntable and had to be amputated. Claiming to be the employe of the Erie Railroad Company, and on the theory that the injury had been sustained in interstate commerce, he brought suit in the federal court in New York under the federal statute. The trial of that suit was apparently delayed 'and, while it was pending, he brought the present action under the Workmen's Compensation act against both the Erie Railroad Company and the Wagner Construction Company in the alternative. Those companies appeared for trial on the day set, and the petitioner did not appear. The deputy commissioner, after granting an adjournment of a few hours, went on with the case in the afternoon in the absence of petitioner. The Wagner Construction Company admitted that it was the employer and consented to the compensation award; the Erie moved for and obtained a dismissal. · The deputy commissioner thereupon signed a judgment, which was entered as required by statute in the county clerk's office. The claim of the prosecutor is that the jurisdiction of the commissioner ended at this point. However, counsel for petitioner went afterwards to the deputy commissioner and obtained from him an order vacating his previous order for judgment and setting aside 'all judgments entered in any court,' and placing the case again on the commissioner's calendar for hearing. It is claimed that the deputy's commissioner had no power to take this action and that the previous judgment should stand irrevocably except as affected by right of appeal. * * * But we consider that the statute does confer power to open such

judgments, if not expressly, yet by plain implication. Section 11 of the act of 1918, page 433, both in its form as there enacted, and as amended in 1921 (page 733), provides that 'the judgment of the said bureau shall be final and conclusive between the parties, and shall bar any subsequent action or proceeding, unless reopened by the said bureau or appealed as hereinafter provided.' It is argued for the prosecutors that the subsequent portion of the statute contains no provision with respect to reopening judgment and does contain provisions with reference to appeal, and that we should, therefore, conclude that, because there is no provision for reopening as thereinafter provided, there can be no reopening. Our reading of the statute leads to precisely the opposite result. Taking the provision as a whole and in connection with its context, our construction of the same is that the clause 'as hereinafter provided' refers to the appeal and not to the reopening; in other words, that a correct construction of the sentence calls for a comma after the word 'bureau.' So read, there is, as we have just said, a plain implication of power to reopen, and this implication is in no way impaired by the previous provision in section 10 with respect to modifying awards of compensation."

The cases cited by the prosecutor in the case at bar deal with the modification of awards and are distinguished by the above language.

The effect of the above decision would seem to be to give the bureau the same control over its judgments that the common law courts have, and the rule there is that the power may be exercised at any time that the cause remains under the court's control provided the moving party embraces the first opportunity he has of presenting his case. *Assets Development Co.* v. *Wall,* 97 *N. J. L.* 468. The defendant in the instant case seems to have been diligent.

The writ of *certiorari* will be dismissed, with costs.