JULIA PLASKON, PETITIONER-RESPONDENT, v. NATIONAL SULPHUR COMPANY, RESPONDENT-PROSECUTOR.

Submitted May 11, 1934—Decided August 14, 1934.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the respondent, *John C. Grimshaw* (*Richard W. Baker,* of counsel).

For the prosecutor, *Coult, Satz & Tomlinson* (*John J. Francis* and *Joseph Coult,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. This is a workmen's compensation case. The facts as well as the steps in this cause are rather unusual and are as follows: On July 8th, 1925, petitioner filed a formal petition alleging, in substance, that her husband met his death on June 6th, 1925, as a result of an accident arising out of and in the course of his employment with prosecutor. Her answer to question 17, "what was the nature of the accident and how did it happen?" was, "decedent was walking along pier of company and fell into the river and was drowned." Prosecutor's answer thereto was, "John Plaskon was drowned. No one knows how he got into the water. His work did not take him near the water. It is not known whether he jumped into the water or fell into the water." A formal hearing on the petition and answer was held on November 20th, 1925, before Deputy Commissioner Charles E. Corbin. In his determination and judgment, under date of December 16th, 1925, it appears "that deceased was employed by respondent at the time of the accident as a laborer, in the respondent's plant, and he used a shovel in his work. He went to work about three o'clock in the afternoon and at about four o'clock he left his work and prepared some coffee for himself and two other workmen. After preparing the coffee he went out on a part of the plant which is known as a bridge connecting two buildings of the plant. This is about three hundred feet from the water. It was a warm day and he went out on the bridge to cool off. He returned to his work for a few minutes and then his fellow workmen could not find him. He was last seen coming from a barge owned by the American Borax Company.

This company has the adjoining plant. When he came from the barge of the borax company, he had in his hand a large lump of borax. *This had no connection with his work.* While he was carrying the borax from the borax company's barge he stepped upon the dock and stumbled and fell into the water. His work did not take him near the dock and did not take him near the water. He was not engaged in his employment at the time of the accident."

Accordingly he found and determined that the accident did not arise out of and in the course of his employment and respondent, without offering proof, made a motion for a nonsuit, which was granted, and the petition was dismissed.

On April 30th, 1932, the petitioner, on the unverified petition of her counsel and *ex-parte* affidavits, obtained a rule to show cause from the same deputy commissioner, Mr. Corbin, for leave to reopen the judgment of dismissal (December 16th, 1925), on the ground of newly discovered evidence. The matter came on for argument May 9th and June 7th, 1932. The respondent was given the opportunity to file answering affidavits and submit memorandum of law in support of its challenge of the propriety of proceeding by way of *ex-parte* affidavits, but did neither. Petitioner's affidavits disclosed that when the deceased came from the barge of the American Borax Company, with a large white lump of borax in his hands *that it was in connection with his work;* that the borax was taken by respondent's employes from the adjoining property or barge of the American Borax Company with the consent of the respondent. The borax was used to patch up cracks in the pipes and furnaces of the respondent. The latter even supplied trowels to its employes to do the work. This practice had become a custom. The affidavits further tended to indicate that all this information was discovered since the former trial; that it was within the particular knowledge of the respondent and its employes, and that it could not by reasonable diligence have been obtained; that it was material and went to the merit of the case and was not cumulative. *Kursheedt* v. *Standard Bleachery Co., &c.,* 77 *N. J. L.* 99. Thereupon, on June

10th, 1932, the deputy commissioner entered an order that the former judgment be opened; that the petitioner be permitted to present her new evidence; which evidence, he ruled, was in fact newly discovered evidence, material to the issue, and that it went to the merits of the case; that if this newly discovered evidence, coupled with the testimony already taken, was sufficient to make out a *prima facie* case, the respondent would then be given the opportunity to present its defense. The date set for the final hearing was July 21st, 1932.

On July 21st, 1932, the date set, proofs were presented by petitioner all of which tended to substantiate the evidence as already outlined. The respondent again challenged the propriety of the proceeding, offered no proof and remade the motion for nonsuit. This motion was denied. For, the deputy commissioner concluded that the petitioner had sustained the burden of making out a *prima facie* case; that deceased died as a result of an accident arising out of and in the course of the employment and that, therefore, petitioner was entitled to an award of compensation, which the commissioner made. We think that the proofs fully justified the finding and action by the deputy commissioner.

Application was then made to the late Chief Justice Gummere for a writ of *certiorari* to review the order made by the deputy commissioner. This writ was denied for the reason that respondent had not appealed to the Court of Common Pleas. *Pamph. L.* 1932, *ch.* 25, *p.* 38.

Appeal was taken to the Court of Common Pleas of Essex county. It sustained the determination and finding by the deputy commissioner.

Application was then made to our present Chief Justice for a writ of *certiorari* to review the judgment of the Essex County Common Pleas Court. He denied the application. We think properly so.

It is, therefore, obvious that the respondent has had, at least three separate and independent branches of our judicial system consider its cause. These were the workmen's compensation bureau, the Court of Common Pleas and this court,

through our present Chief Justice. And while the disposition of the writ by the late Chief Justice Gummere appears to be based on procedure it may well be that it also received his consideration on the merits. At all events, we have repeatedly held that when two independent and distinct tribunals have examined the facts and heard the testimony, we do not think that a conclusion so reached should be lightly disturbed. *Pearson* v. *Armstrong Cork Co.*, 6 *N. J. Mis. R.* 976; *Phillips* v. *Federated Metals Corp.*, 12 *Id.* 160.

The workmen's compensation bureau had the jurisdiction to open its judgment. *Rose* v. *Wagner Construction Co.*, 2 *N. J. Mis. R.* 118.

The proof is conclusive, it has never been controverted, that the deceased met his death as a result of an accident arising out of and in the course of his employment. Perhaps this may be the explanation for the fact that respondent's efforts have been centered towards the procedural rather than the substantive phases of the controversy. It would indeed be a travesty on justice to hold that any judicial or *quasi*-judicial tribunal, in control of a cause, is without power to exercise its sound judicial discretion, governed and controlled by legal rules, to correct an improper and unjust result reached in the first instance. *Kursheedt* v. *Standard Bleachery Co., supra.* The whole philosophy of permitting judicial or *quasi*-judicial tribunals to exercise its sound judicial discretion, when in control of a cause, governed and controlled by proper rules, to open its judgment on newly discovered evidence permits not only the carrying out of the mandate of the legislature in compensation cases, to liberally construe the Workmen's Compensation act, but what is more important, it permits the working out of substantial justice in all cases where it is legally invoked and exercised

The use of *ex-parte* affidavits on a rule to show cause to open a judgment in a workmen's compensation case seems to have received judicial sanction by the Court of Errors and Appeals of our state. *Katz* v. *Zapela,* 10 *N. J. Mis. R.* 258; 159 *All. Rep.* 306; *affirmed,* 110 *N. J. L.* 14; 163 *All. Rep.* 662.

Counsel for petitioner did considerable work in helping to correct a grievous error and contributed much to bring about a correct result. The awards aggregate a substantial sum.

We are not able to say that the fees allowed are excessive.

We have considered all other reasons assigned and argued and find them to be without merit.

Judgment is affirmed, with costs.