PASSAIC COUNTY COURT OF COMMON PLEAS.

VITO SASSARRO, PETITIONER-APPELLANT, v. WRIGHT AERONAUTICAL CORPORATION, DEFENDANT-APPELLEE.

Decided February 26, 1946.

For the petitioner-appellant, *Nathan Rabinowitz* and *Isadore Rabinowitz*.

For the respondent-appellee, *John W. Taylor*.

DELANEY, C. P. J.   This is an appeal from a judgment of the Workmen's Compensation Bureau dismissing, on motion and after argument, petitioner's (second) formal claim petition.

An earlier petition resulted, after formal hearing, in a judgment in petitioner's favor, the Bureau adjudging that as a result of an accident the petitioner had received injuries

to both hands, causing him "a disability permanent in quality and partial in character, which is as follows: 20% of total or 100 weeks." The petitioner claimed no temporary disability in that proceeding, and the Bureau found and allowed none. Formal award was made on July 17th, 1944. On February 24th, 1945, and within two years of the date of the last payment of compensation for his permanent disability, petitioner filed the petition now in question.

The petition declares: "This petition is filed for recurrent temporary disability and reimbursement of medical expenses incurred by reason of operation performed upon petitioner's hands," and the period of temporary disability is alleged to have run from January 3d, 1945, to February 19th, 1945.

Respondent's answer, in our view of the matter, requires little attention. It denied that since the award of July 17th, 1944, petitioner had suffered any increase of disability; it asserted that petitioner's subsequent operation, with its attendant surgical and hospital charges, was unauthorized either by respondent or the Workmen's Compensation Bureau; it denied jurisdiction in the Bureau over the matters set up in the petition on the ground that it failed to state or disclose a ground for review under *R. S.* 34:15-27; *N. J. S. A.* 34:15-27; and declared that the matters and things contained in the petition were *res adjudicata* by reason of the judgment under the former petition.

Respondent thereupon duly served on petitioner notice of a motion to dismiss the petition on the ground that because it failed to disclose a case for review under *R. S.* 34:15-27; *N. J. S. A.* 34:15-27, the Bureau had no jurisdiction over it, and on the further ground that the matters raised in it were *res adjudicata* because of the award of July 17th, 1944.

This motion was pressed and argued in the Bureau, the respondent prevailing and the petitioner's petition being dismissed, and from that order of dismissal petitioner, as hereinbefore stated, has appealed.

On one point the opposing counsel agree, namely, that the dismissed petition, "filed for recurring temporary disability and reimbursement of medical expenses incurred by reason of operation performed" since the judgment of July 17th, 1944,

had no legal footing in *R. S.* 34:15–27; *N. J. S. A.* 34:15–27. That section, as far as here pertinent, reads:

"A formal award may be reviewed within two years from the date when the injured person last received a payment, upon the application of either party on the ground that the incapacity of the injured employee has subsequently increased. An award may be reviewed at any time on the ground that the disability has diminished."

Counsel for respondent argued that since permanent disability is susceptible both of increase and diminution, the "incapacity" and "disability" in the section mentioned mean *permanent* incapacity and *permanent* disability; and in this view counsel for petitioner unqualifiedly concur. They not only concur, but emphatically assert that the petition in question is not a petition for review in any sense at all, but is an original petition for an additional award "for recurring temporary disability and medical expense." They say that the petitioner "seeks no modification of the original award" and "is not contesting the *quantum* of the award and is not claiming an increase of his 20% disability."

Counsel for petitioner point to no express statutory basis for the proceeding, but argue that authority for it may be fairly implied from the act relating to workmen's compensation, and particularly from *R. S.* 34:15–12; *N. J. S. A.* 34:15–12, and insist that until "the three hundred weeks"— the maximum period for the payment of compensation for temporary disability—have been "absorbed," petitioner may claim from time to time for recurring temporary disability if he files his petition therefor within time, that is, "within two years from the date when the injured party last received payment"—words of limitation, by the way, which they borrow from the identical section, *R. S.* 34:15–27; *N. J. S. A.* 34:15–27, which they repudiate as authority for the petition in question. They argue that there is nothing in *R. S.* 34:15–12; *N. J. S. A.* 34:15–12 indicating that temporary disability need be consecutive, and that it may be, in fact, intermittent or broken.

The concluding sentence of *R. S.* 34:15–12; *N. J. S. A.* 34:15–12, however, reads as follows:

"This compensation (*i. e.,* temporary compensation) shall be paid during the period of such disability, not, however, beyond three hundred weeks."

If the legislature had contemplated, not a single waiting period (as it is elsewhere called in the act) but a possible succession of such periods, it seems to be singular that they have chosen words "during the *period* of such disability," instead of the words "during the *period* or *periods* of such disability."

There are two sections, containing either a sentence or a phrase which may be pertinent to the matter in hand, to which counsel for neither party have alluded. The last sentence in *R. S.* 34:15–58; *N. J. S. A.* 34:15–58, reads:

"The judgment of the Bureau shall be final and conclusive between the parties and shall bar any subsequent action or proceeding, unless reopened by the Bureau or appealed as hereinafter provided."

The appeal, of course, is found in *R. S.* 34:15–66; *N. J. S. A.* 34:15–66, as amended, *Pamph. L.* 1945, *ch.* 74, § 17; *N. J. S. A.* 34:15–66, and is to the Court of Common Pleas, preserving the jurisdiction of the Supreme Court to review questions of law and fact by *certiorari,* and appeals from the judgment of that court to the Court of Errors and Appeals. The re-opening of the judgment by the Bureau is provided for in *R. S.* 34:15–57; *N. J. S. A.* 34:15–57, which declares:

"The Commissioner, each Deputy Commissioner, and each Referee, is hereby authorized to hear and determine the matter in dispute in a summary manner, and each shall have power to modify any award of compensation and to provide for the commutation of any such award."

The "power to modify" in this section has been construed in *Katz* v. *Zepela,* 10 *N. J. Mis. R.* 258; 159 *Atl. Rep.* 306; *affirmed,* 110 *N. J. L.* 14; 163 *Atl. Rep.* 662, where it is held, in substance, that the Workmen's Compensation Bureau has the like discretionary power over its own judgments as is inherent in other courts. If the last section above quoted is applicable to the instant matter, it vests in the Workmen's Compensation Bureau, not an absolute duty, but a discretionary power. In the peculiar circumstances of the present

case, I cannot find that, in refusing to entertain the petition in question and hear it on its merits, judicial discretion has been abused.

Respondent's original brief states that on the argument in the Bureau to dismiss, counsel for petitioner informed the Commissioner, in substance, that the operation, for the expenses of which compensation was claimed, had been beneficial to the petitioner and his permanent disability thereby reduced. In the replying brief of counsel for the petitioner, the statement imputed to them is not denied. The contents of the petition itself are not without significance; cautiously and expressly it limits its claim to compensation for *temporary* disability only and to surgeon's and hospital expenses. The opinion on file by the Deputy Commissioner who heard the argument and dismissed the petition, shows that his understanding was that the permanent disability, for which the petitioner had been fully paid, was substantially reduced by the operation.

Money paid by an employer to an employee in pursuance of an award lies beyond recovery; there is no provision in the act for its return; and this petitioner seems to have been compensated for a permanent disability beyond his present incapacity.

I have examined the cases cited in the briefs of counsel and find none of them to be dispositive of the case in hand, and find no occasion to discuss them.

Finding no provision in the Workmen's Compensation Act expressly authorizing, in the circumstances of this case, the dismissed petition and nothing from which such authority may be reasonably implied, I conclude the judgment of dismissal should be affirmed, and such will be the order.