■    In the Matter of the Claim of DOROTHEA SCHWARTZ (DIECHMANN), Respondent, v. DELAWARE NATIONAL BANK et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed October 27, 1970. Appellants seek to offset a lump sum remarriage award to the widow claimant against a weekly overpayment to her of $2.84 in death benefits extending over a 16-year period. Respondent board found the carrier guilty of laches and restricted overpayment credit to payments made subsequent to December 16, 1968, the date carrier recognized its error committed March 1, 1953. Appellants contend that laches may not be asserted against a political subdivision of the State, and that section 23 of the Workmen's Compensation Law, the vehicle that directed payment to claimant irrespective of this appeal, is unconstitutional. Aside from the fact that appellants' first contention lacks merit (Workmen's Compensation Law, § 22), this issue was not raised before the board and thus cannot be considered upon this appeal (*Matter of Feeney* v. *New York State Dept. of Taxation & Fin.*, 37 A D 2d 888; *Matter of Gore* v. *City of Ogdensburg*, 29 A D 2d 599; *Matter of Hedlund* v. *United Exposition Decorating Co.*, 15 A D 2d 973). The attack upon the constitutionality of section 23 of the Workmen's Compensation Law is that it violates the due process clause since it requires an award to claimant be paid pending an appeal, and even if the appeal determines claimant was overpaid, the award is retained. Appellants urge that, in the matter at hand, they were required to make payment before it was heard by an appellant tribunal. These arguments must be rejected. Section 23 of the Workmen's Compensation Law, providing that an appeal from a decision of the board shall not operate as a stay of payment of an award, is a reasonable exercise of the power of the Legislature under constitutional provisions (N. Y. Const., art. I, § 18; *Matter of Gormeley* v. *New York Daily News*, 30 A D 2d 16, affd. 24 N Y 2d 867). In addition, if an award is rescinded or modified upon appeal by a carrier, it is entitled to reimbursement of the amount in dispute (Workmen's Compensation Law, §§ 23, 151). Appellants' argument that they are denied equal protection of the laws must also be rejected as equally without merit (*Matter of Gormeley* v. *New York Daily News, supra*). Decision affirmed, with costs to the Workmen's Compensation Board. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.