Argued September 24, reversed December 6, 1976, reconsideration
denied January 5, petition for review denied January 18, 1977

WISHERD, *Respondent,*

*v.*

PAUL KOCH VOLKSWAGEN, INC.,
*Appellant.*

(No. 93056, CA 6381)

557 P2d 55

*A. Thomas Cavanaugh,* Portland, argued the cause
and filed ·the brief for appellant.

*Garry Kahn,* Portland, argued the cause for respondent. With him on the brief was Pozzi, Wilson & Atchison, Portland.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

THORNTON, J.

## THORNTON, J.

The employer appeals from a circuit court order affirming hearings referee and Workmen's Compensation Board decisions awarding compensation to claimant on a claim arising out of a disabling heart disease. The issue, as usual, is causation.

Claimant suffered from congenital aortic heart disease and hyperlipidemia, an inherited hypercholesterol condition. He was not aware of the heart condition until March 1, 1974, the day after his employment was terminated, when symptoms he had attributed to a stomach ailment were diagnosed as referable to heart disease. On March 14, 1974, two weeks after the heart condition was discovered, claimant underwent an aortic valve replacement and exploration of the right coronary artery.

The contention in this case essentially is that the claimant experienced an increasing lack of strength and some abdominal pain over the last few months of his employment, and that job stress relating to claimant's concern over his employer's decrease in car sales and his efforts to secure more used compact cars to sell were material contributing factors in the progression of his heart disease. The claimant is supported in his theory by Dr. Shepherd, his treating physician, who concluded:

> "After reading the transcript of Mr. Wisherd's hearing, there is no doubt in my mind that stress has contributed significantly to his problem. It is true, however, that the ground work for Mr. Wisherd's problem was laid by congenital aortic valve disease and hyperlipidemia (hypercholesterolemia) which is also inherited. While it is my professional opinion that stress is undoubtedly a contributing factor to Mr. Wisherd's problem, I am unable to ascribe a specific percentage to the stress involved."

A reviewing cardiologist, Dr. Griswold, disagreed. In a letter to the employer's counsel, Dr. Griswold wrote:

> "Evaluating all of the data furnished, including

reading over carefully the transcript, there is little question that he was under periods of emotional stress. However, there is no data to indicate a particular stressful situation which resulted in any unusual symptoms. His main problem was that of serious aortic stenosis which is a narrowing of the aortic valve probably because of congenital malformation of the aortic valve. He also has coronary artery disease. However, there is nothing in the work history of this individual to justify the conclusion that the aortic stenosis or coronary artery disease was accelerated or contributed to by his work activity."

■ In order to establish a compensable heart case, the claimant must establish legal causation and medical causation. *Coday v. Willamette Tug & Barge,* 250 Or 39, 440 P2d 224 (1968).

In *Anderson v. S.A.I.F.,* 5 Or App 580, 485 P2d 1236 (1971), this court overruled a line of cases based on the principle that where the claimant has a prior heart disease, it must be established that the employment contribution takes the form of an exertion greater than that of nonemployment life and reaffirmed the notion that "claimant's usual exertion in his employment is enough to establish the necessary legal casual connection." 5 Or App at 587, citing *Coday v. Willamette Tug & Barge, supra. See also,* 1A Larson, Workmen's Compensation Law 7-169, 7-177 to 7-181, § 38.83 (1973).

■ Medical causation is conceptually elusive, as the divergent medical opinions in this case attest. Medical causation is established by expert medical testimony to the effect that stress or exertion experienced in the course of employment constituted a material contributing factor producing the heart condition. *Riutta v. Mayflower Farms, Inc.,* 19 Or App 278, 527 P2d 424 (1974), Sup Ct *review denied* (1975).

■ We conclude that the claimant has not established by a preponderance of the evidence that his work-related stress was a material contributing cause of his heart condition. Our conclusion is influenced by the

following factors: (1) claimant had a preexisting con-genital heart defect; (2) there was no infarction or similar trauma which precipitated the final heart condition; and (3) there was not a sufficient showing of a particular stressful situation which produced the condition necessitating the described surgical proce-dures. Where the above factors are present, stronger evidence on the issue of causation is required. *See, Schwehn v. SAIF,* 17 Or App 50, 520 P2d 467, Sup Ct *review denied* (1974).

Reversed.