Argued January 21, reversed February 14, reconsideration denied March 16, 1977, petition for review pending

WISHERD, *Respondent,*
*v.*
PAUL KOCH VOLKSWAGEN, INC.,
*Appellant.*
(No. 96029, CA 6932)
559 P2d 1305

A. Thomas Cavanaugh, Portland, argued the cause for appellant. With him on the brief was Richard C. Pearce, Portland.

Garry Kahn, Portland, argued the cause for respondent. With him on the brief were Pozzi, Wilson & Atchison and Mark Braverman, Portland.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

In this workmen's compensation case, employer appeals from an order compelling it to pay certain benefits to claimant pending disposition of employer's appeal from a decision of the Board that claimant was permanently and totally disabled.

Claimant became disabled by heart disease on or about March 1, 1974. His claim for compensation was granted by the referee and the Workmen's Compensation Board (Board), and the award was affirmed by the circuit court. This court reversed, holding that claimant had not established that work-related stress was a contributing cause of his injury. *Wisherd v. Paul Koch Volkswagen,* 27 Or App 601, 557 P2d 55 (1976), Sup Ct *review denied* (1977). While the appeal to this court was pending, claimant initiated proceedings before the Board asserting that employer had reimbursed claimant only for compensation and expenses which occurred after the referee's decision and requesting that the Board require employer to pay compensation and expenses which occurred after the date of the disability but prior to the referee's decision. The referee granted the claim, and his decision was affirmed by the Board and by the circuit court.

ORS 656.313 provides:

"(1) Filing by an employer or the State Accident Insurance Fund of a request for review or court appeal shall not stay payment of compensation to a claimant.

"(2) If the board or court subsequently orders that compensation to the claimant should not have been allowed or should have been awarded in a lesser amount than awarded, the claimant shall not be obligated to repay any such compensation which was paid pending the review or appeal."

Employer asserts first that ORS 656.313 is an unconstitutional abridgement of the judiciary's power to review administrative decision making in that the referee's assessment of the compensation due immediately can never be meaningfully reviewed by a court.

It is established, however, that so long as a state provides an evidentiary hearing which comports with the minimum requirements of due process, it need not provide any appellate review of administrative decisions. *E.g., Ortwein v. Schwab,* 410 US 656, 93 S Ct 1172, 35 L Ed 2d 572 (1973). *See generally Griffin v. Illinois,* 351 US 12, 76 S Ct 585, 100 L Ed 891 (1956). Here the legislature has chosen to provide for judicial review of only certain aspects of a decision of the referee and the Board, and has excluded from the courts the power to compel the repayment of benefits received pending appeal. This decision was within the legislature's constitutional authority.

■ Employer maintains that since it cannot recover the monies paid to a claimant pending the appeal even though a court might later rule that the money was not owed, ORS 656.313 works an unconstitutional taking of its property without due process of law. In this regard, ORS 656.313 cannot be viewed in isolation; it must be considered as part of the entire workmen's compensation system. The workmen's compensation system compromises many interests of both employers and employes out of the belief that an alternative to judicial determination of employment-related injury claims is necessary. Employes must forego, inter alia, the right to sue in tort for injuries occurring in the course of employment but receive in exchange the elimination of fault as a basis for compensation. Employers receive the benefit of limited liability for compensable accidents but are required on the other hand to assume liability for a greater number of injuries. These and many other balances are among those struck in the *quid pro quo* format of the workmen's compensation system— balances which have long ago been held constitutional. *New York Central R. R. Co. v. White,* 243 US 188, 37 S Ct 247, 61 L Ed 667, 1917D Ann Cas 629 (1917). ORS 656.313, when viewed within the context of the entire

workmen's compensation law, does not constitute a taking without compensation.[1]

■ Employer next argues that ORS 656.313 violates the Equal Protection Clause of the Fourteenth Amendment by imposing "a discriminatory burden upon the statutorily granted right of an employer to appeal adverse decisions * * *." Employer concedes, however, that ORS 656.313 must stand if the statute rationally furthers a legitimate state interest—employer argues only that such an interest does not exist. Such an interest is self-evident from the face of ORS 656.313. Often when an employe is injured, it may be years before the claim is finally adjudicated. ORS 656.313 seeks to provide injured employes with a means of support and with the means to pay medical expenses while an employer appeals an adverse decision. The furtherance of this interest adequately supports the constitutionality of ORS 656.313.

■ Employer's final argument, not supported by any cited authority, is that ORS 656.313 has no applicability to benefits which arise after the date of injury but before an order requiring the payment of compensation is entered. The clear intent of ORS 656.313 is to require the immediate payment of all compensation due by virtue of the order when the order is entered. Compensation, as defined by ORS 656.005(9),includes medical expenses of the type at issue here:

> " 'Compensation' includes all benefits, including

---

[1]Statutes either identical or similar to ORS 656.313 have been almost unanimously held constitutional by other courts. *Tompkins v. Rinner Construction Co.,* 196 Kan 244, 409 P2d 1001 (1966); *St. Paul Fire & Mar. Ins. v. Treadwell,* 263 Md 430, 283 A2d 601 (1971); *Hartford Accident & Indem. Co. v. Duvall,* 113 NH 28, 300 A2d 732 (1973); *Schwartz v. Delaware National Bank,* 39 App Div 2d 796, 332 NYS2d 206 (1972); *see Ahmed's Case,* 278 Mass 180, 179 NE 684, 79 ALR 669 (1932) (statute requiring employer to pay claimant's attorney fees and other costs on appeal regardless of eventual disposition constitutional); *Sassarro v. Wright, &c., Corp.,* 24 NJ Misc 57, 46 A2d 52 (1946) (statute providing that overpayments to employe could not be recovered constitutional); *Brakus v. Dept. Labor & Ind.,* 48 Wash 2d 218, 292 P2d 865 (1956) (same). *But see Chrysler Corp. v. Comp. Comm.,* 301 Mich 351, 3 NW2d 302 (1942).

medical services, provided for a compensable injury * * *."

Affirmed.