In the Matter of the Compensation of
Lance David Egge, Claimant.

EGGE,
*Petitioner,*

*v.*

NU-STEEL,
*Respondent.*

(WCB 79-07880, CA A22857)

644 P2d 625

Alice Goldstein, Portland, argued the cause for petitioner. With her on the brief was Welch, Bruun & Green, Portland.

Katherine H. O'Neil, Portland, argued the cause for respondent. On the brief were Ridgway K. Foley, Jr., and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Claimant appeals from determinations by the Workers' Compensation Board (Board) denying his request for a remand to consider newly discovered evidence and upholding the referee's finding that no unscheduled disability to his low back resulted from a 20-foot fall onto concrete.

In denying claimant's original motion to remand,[1] the Board articulated its reason:

"It is unclear from the present record why the medical reports here in question could not have been obtained for the hearing by delaying the hearing date or keeping the record open * * *."

On *de novo* review, we conclude that the record furnishes a reasonable explanation. Claimant's Oregon physicians had not diagnosed any objective cause for claimant's low back pain. Claimant informed one doctor that he would keep on seeing doctors until he found out what was causing his pain. A month before the hearing, claimant moved to the state of Washington. At the time of the hearing, claimant had no reason to know that further medical examination would yield a different diagnosis, so there was no basis for his requesting postponement or continuation of the hearing. As part of his continuing effort to seek medical evaluation and treatment, claimant saw a physician in Washington, who reported the day after the referee's opinion issued that claimant's X-rays revealed a hairline vertebral fracture at the L1 level.

The foregoing facts constitute an explanation "why the evidence could not reasonably have been discovered and produced at the hearing." OAR 436-83-480(2). We remand to the referee for further proceedings in the light of this opinion.[2] ORS 656.298(6).

Remanded to the referee for reconsideration.

---

[1] Subsequently, a renewed motion to remand was summarily denied by the Board. Claimant appeals from both orders denying remand.

[2] Our disposition makes it unnecessary to reach the issue whether claimant has demonstrated unscheduled disability without the benefit of the additional medical reports.