On petitioner's reconsideration filed June 28,
appeal dismissed May 26, reconsideration allowed;
order adhered to August 18, 1982

In the Matter of the Compensation of
Ray C. Armstrong, Claimant.

ARMSTRONG,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(WCB No. 80-01476, CA A24685)

649 P2d 818

Robert K. Udziela, and Pozzi, Wilson, Atchison, O'Leary
& Conboy, Portland, for petition.

Before Thornton, Presiding Judge, Joseph, Chief Judge, and Warden, Judge.

PER CURIAM

## PER CURIAM

The Workers' Compensation Board's order on review states that it was mailed on December 31, 1981. Claimant's petition for judicial review recites that "Claimant's attorneys were not served with the Order on Review and Order Denying Remand until May 12, 1982." The notice of appeal was filed on May 17, 1982. We dismissed the petition on our own motion as not being timely under ORS 656.295(8):

> "An order of the board is final unless within 30 days after the date of mailing of copies of such order to the parties, one of the parties appeals to the Court of Appeals for judicial review pursuant to ORS 656.928. * * *"

■ Accepting as true that claimant's counsel did not receive the order until some 132 days after it purportedly was mailed,[1] still the statute is quite clear. The order became final on January 30, 1982, and judicial review was not sought within that period. ORS 656.298(1). Relying on *Stroh v. SAIF,* 1471 Or 117, 492 P2d 472 (1972); *Wisherd v. Paul Koch Volkswagen,* 28 Or App 513, 559 P2d 1305 (1977); and *Stevens v. SAIF,* 149 Or App 412, 531 P2d 921 (1975), all of which deal with other provisions of ORS 656.295, claimant argues that ORS 656.295(8) is not jurisdictional. We hold that it is jurisdictional.

■ Relying principally on *Lindsey v. Normet,* 405 US 46, 92 S Ct 862, 31 L Ed 2d 36 (1972), claimant asserts that the dismissal of his petition for judicial review constitutes a violation of his Fourteenth Amendment due process rights. The thrust of the holding in *Lindsey* is that a state cannot impose conditions that effectively preclude indigents from perfecting appeals. Absent any showing here that the failure of the claimant and his counsel to receive notice of the Board's action during the 30-day period after the mailing of the order was caused by the Board, claimant's situation does not fall within the proscription of *Lindsey.* ORS 656.295(8) involves a notice procedure that is "reasonably calculated, under all the circumstances, to apprise interested parties" of their procedural situation,

---

[1] According to an affidavit submitted with the petition for reconsideration, claimant *never* received a copy of the order.

and that is all that is required. *Mullane v. Central Hanover Tr. Company,* 339 US 306, 314, 70 S Ct 652, 94 L Ed 865 (1950). Again, absent any showing why the notice was not timely received, claimant has not demonstrated that his due process rights were violated. *See Greene v. Lindsey,* 456 US 444, 102 S Ct 1874, 72 L Ed 2d 249 (1982).

Reconsideration allowed; order adhered to.