Argued and submitted July 11, remanded for further evidence November 30, 1983

In the Matter of the Compensation of
Ray Armstrong, Claimant.
## ARMSTRONG,
*Petitioner,*

*v.*

## SAIF CORPORATION,
*Respondent.*

(80-01476; CA A26582)

672 P2d 397

Robert K. Udziela, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause for respondent. On the brief was Donna M. Parton, Associate Appellate Counsel, State Accident Insurance Fund Corporation, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

PER CURIAM

## PER CURIAM

This case is before us for the second time. We dismissed a previous appeal on the ground that it was not brought within 30 days from the mailing of the order of the Workers' Compensation Board as required by ORS 659.295(8). *Armstrong v. SAIF,* 58 Or App 602, 649 P2d 818, *rev den* 293 Or 801 (1982). After our action claimant filed a petition for review in the Supreme Court. As part of the petitioning process, claimant's attorney submitted an affidavit to the court stating that the Chairman of the Workers' Compensation Board had informed him, after our decision, that the Board had discovered that it never in fact mailed the order, contrary to the assumption in our opinion that it had done so. The Board filed a response to the petition for review in which it stated that the facts in the affidavit were essentially correct. The Supreme Court denied review. The Board thereafter "republished" its order, and the present appeal is from that "republished" order. Our first consideration is whether we have jurisdiction of this appeal.

If the Board never mailed its first order, this court never had jurisdiction of the first appeal, even for the purpose of dismissing it as untimely. We should have dismissed it as not from a final order. ORS 183.480(1); 656.295(8). Thus, our previous decision would not be controlling, and the only appealable final order would be the "republished" one which is currently before us. However, because SAIF has refused our request in the present case to stipulate that the first order was not properly mailed, we cannot decide the preliminary question of our jurisdiction over the present appeal on the record before us. This court has authority to remand. ORS 656.298(6) provides:

> "The review by the Court of Appeals shall be on the entire record forwarded by the board. The court may remand the case to the referee for further evidence taking, correction or other necessary action. However, the court may hear additional evidence concerning disability that was not obtainable at the time of the hearing. The court may affirm, reverse, modify or supplement the order appealed from, and make such disposition of the case as the court determines to be appropriate."

We exercise that authority and remand the case to the referee for taking further evidence, limited to whether the

Board mailed its order of December 31, 1981, as required by law and, if so, when it mailed the order. We direct the referee to report the evidence to us directly within 60 days of the effective date of this decision. We will then, under our *de novo* review authority, determine the necessary facts. We retain jurisdiction over the appeal pending the referee's report.

Remanded for further evidence.