Argued and submitted July 11, 1983, reversed and
remanded with instructions March 28, 1984

In the Matter of the Compensation of
Ray Armstrong, Claimant.

ARMSTRONG,
*Petitioner,*

*v.*

SAIF CORPORATION,
*Respondent.*

(80-01476; CA A26582)

678 P2d 777

Robert K. Udziela, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause for respondent. On the brief was Donna M. Parton, Associate Appellate Counsel, State Accident Insurance Fund Corporation, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

## YOUNG, J.

Claimant seeks reversal of a "republished" order of the Workers' Compensation Board denying his aggravation claim. He urges that the Board should have remanded the case to the referee for the taking of additional evidence. Respondent moves to dismiss on the ground that we lack jurisdiction. We deny the motion to dismiss and reverse and remand to the Board.

We have written two previous opinions on this claim. *Armstrong v. SAIF,* 58 Or App 602, 649 P2d 818, *rev den* 293 Or 801 (1982); *Armstrong v. SAIF,* 65 Or App 809, 672 P2d 397 (1983). In the first opinion we dismissed as untimely claimant's petition for review of the Board's order of December 31, 1981. On November 10, 1982, after our first opinion, the Board "republished" its original order; the current petition for review is from that "republished" order. In our second opinion we noted that a question had arisen whether the Board had ever properly mailed its order of December 31, 1981. If it had not, the order had not become final under ORS 656.295(8), and the second petition for review was (and is) properly before us; if the Board had mailed the first order, our dismissal of the petition for review of that order requires dismissal of the second petition for review. Because of SAIF's refusal to stipulate to the necessary facts, we remanded the case to the referee to take evidence limited to when, if ever, the Board mailed its order of December 31, 1981, and to report that evidence to us for our determination of the facts. The hearing was held on December 20, 1983, and the record is now before us. From it we find, without the slightest doubt, that the Board never mailed its order of December 31, 1981. That order therefore never became a final order, and the "republished" order of November 20, 1982, is the only final order in the case.[1]

---

[1] We find it difficult to understand SAIF's actions in this case. A good-faith inquiry when the issue first arose in August, 1982, including a review of its own files, would have convinced it that the first order had not been mailed. Instead, SAIF insisted in its brief in this case that our first opinion was conclusive, despite the later information seriously questioning the facts on which it was based. When we requested SAIF to stipulate to the facts as presented in claimant's attorney's affidavit of August 31, 1982, it refused to do so, stating in part that it had no way to verify the information in the affidavit. This statement is incomprehensible to us, as the affidavit gave Kendall Barnes, then the Board's Chair, as the source of the information. In fact, SAIF's counsel (not the same counsel who filed the response to our request for a stipulation) testified at the hearing that he had talked with Barnes and that Barnes

Claimant's attorney testified at the hearing that he first learned of the December 31, 1981, order in May, 1982, when a related Board order led him to inquire into the situation. SAIF's attorney testified that the earliest copy of the order in SAIF's files appeared to be the one attached to claimant's first petition for review, which was filed in May, 1982. Both attorneys testified that their offices normally date stamp all incoming mail but that there is no copy of the order with an earlier date in their files. Claimant, in an affidavit of May 19, 1982, stated that he had no copy of the order in his papers and that to the best of his knowledge and belief he had never received it. The Board's administrator testified that a card on which the staff lists the date of all orders in the case for internal reference presently shows a date "12-31-82" and that that date (with its obvious clerical error) was not on the card when he examined it in August, 1982. He also testified that at that time there was no copy of the order in a particular Board internal file where there should have been one if the order had been mailed. He concluded in August, 1982, when he discovered these things, that the Board had not mailed the order. The Board issued 82 orders on December 31, 1981; it normally issues about 125 orders per month. The administrator also testified that, although he might have ordered a remailing of the order in July or August, 1982, he has no direct recollection of doing so. Claimant and SAIF stipulated that the appropriate clerical staff members would testify that they did not remail the order at that time.[2]

---

had confirmed most of the affidavit. At the hearing SAIF totally failed to present any evidence indicating that the order had been mailed. The most it expected to present, according to counsel's opening statement, was a possibility of a mailing in July or August, yet its own files showed no copy of the order received in those months. The opening statement was apparently based on a misunderstanding of what the Board's administrator's testimony would be. While SAIF rightfully resists claims on every proper ground, in this case it appears to be acting from pure obduracy. Its actions are of no benefit to this court, the claimant or itself.

[2] SAIF objected to some of the evidence at the hearing on hearsay grounds and to the testimony of claimant's attorney as incompetent under the Evidence Code, presumably a reference to OEC 606-1. ORS 656.283(6) provides:

"Except as otherwise provided in this section and rules of procedure established by the board, the referee is not bound by common law or statutory rules of evidence or by technical or formal rules of procedure, and may conduct the hearing in any manner that will achieve substantial justice."

Technical hearsay objections have no place in a workers' compensation hearing. *Cf. Higley v. Edwards,* 67 Or App 488, 678 P2d 775 (1984) (discussing hearsay objections

■      It appears that mailing of the order of December 31, 1981, was lost track of in an exceptionally heavy workload on New Year's Eve. Under ORS 656.295(8) mailing was necessary for the order to become final, and it was never mailed. We have jurisdiction of the petition for review of the "republished" order of November 10, 1982.

Claimant suffered a compensable back injury in 1974. In 1977, the referee, after a hearing, awarded him permanent total disability, but the Board on review reduced the award to 75 percent permanent partial disability. Claimant later believed that his condition was worsening and filed a request for reopening of his claim; SAIF denied it. The referee, in November, 1980, upheld the denial on the ground that there was no medical evidence of worsening. In early December claimant sought Board review of the referee's decision. Soon afterwards, while the case was pending before the Board, he saw Dr. Johnson, a neurosurgeon, for the first time about his back problem.[3] In January, 1981, Dr. Johnson performed a myelogram and diagnosed a herniated intervertebral disc; he thereafter performed a laminectomy. Claimant then moved to reopen the hearing to consider Dr. Johnson's report. The Board denied the motion, stating that it was not convinced that the evidence could not reasonably have been discovered and produced at the hearing. The Board noted that, although claimant's previous physicians had not diagnosed his condition properly, the condition was symptomatic before the hearing and thus was open to diagnosis. The Board thereafter entered its order affirming the referee.

■      Claimant's failure to present a correct medical diagnosis for his condition at the hearing is readily explainable; he had been to a number of physicians, none of whom suggested the need for surgery. The Board, according to its order denying remand, would apparently have claimant keep the record open until he finally found a physician who could

---

under the Administrative Procedures Act, ORS 183.450(1)). OEC 606-1 also does not apply to a workers' compensation hearing, so we need not decide whether the exceptions to the rule, which permit an attorney to testify in certain circumstances, would make claimant's attorney's testimony admissible. We overrule the objections, noting, however, that our ultimate finding would be the same if we excluded the challenged evidence.

[3] He had consulted Dr. Johnson before on unrelated matters.

discover the cause of his problems and suggest treatment. We do not think that a claimant should be required to have his case in limbo, and we doubt that the Board would actually keep open large numbers of unresolved cases while claimants wandered from doctor to doctor seeking relief. This case is like *Egge v. Nu-Steel,* 57 Or App 327, 644 P2d 625, *rev den* 293 Or 456 (1982), in which we held that the Board should have remanded the case to the referee when the claimant, a month after the hearing, finally found a physician who could diagnose his problem. Although previous physicians had gained hints of claimant's problem, which they had not done in *Egge,* we do not think that an illiterate manual laborer in his early fifties should be required to pursue difficult medical leads, at least when his doctors have not suggested that he do so.

Reversed and remanded to the Board with instructions to remand to the referee to take additional evidence.