Submitted on record and briefs August 9, reversed and remanded with instructions
October 31, 1984

# BRAICH,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION et al,
*Respondents.*

## (84-AB-20; CA A30865)

690 P2d 524

Sally D. Braich, Portland, filed the brief pro se for petitioner.

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Richard D. Wasserman, Assistant Attorney General, Salem, filed the brief for respondent Employment Division.

Donna M. Cameron, Jeffrey B. Millner and Miller, Nash, Wiener, Hager & Carlsen, Portland, filed the brief for respondent Multnomah County School District #1.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

### GILLETTE, P. J.

Petitioner is a substitute teacher who worked as a full time temporary teacher in 1982-83. She petitions for review of a decision of the Employment Appeals Board which reversed a referee's decision and denied her benefits for two weeks in August and September, 1983. We do not reach the merits, but reverse and remand for reinstatement of the referee's award on jurisdictional grounds.

The referee's decision awarding benefits was mailed on November 9, 1983. The Gibbens Company, on behalf of the employer, requested EAB review by a letter dated December 5, 1983, and received December 7, 1983. ORS 657.270(3) provides:

> "Unless the assistant director or any other party to the hearing, within 20 days after the delivery of such notification, or if mailed, within 20 days after the same was mailed to the party's last known address, files with the Employment Appeals Board an application for review, such decision shall be final."

The Gibbens Company, in a letter to EAB of November 29, 1983, stated that it had not received the order and asked for a copy. It requested review shortly after it received a copy in response to that letter. Petitioner apparently received her copy at the time of the original mailing. The certificate of mailing states that a copy was sent to Gibbens, at its correct address, at the same time. This case is therefore different from *Armstrong v. SAIF,* 67 Or App 498, 678 P2d 777 (1984), in which no one received a copy of the order and it was clear that the original mailing had not, in fact, been made.

Petitioner objected to the late filing of the employer's application for review before EAB, but she does not renew her objection in this court. It is not necessary for her to do so. Under ORS 657.270(3) the referee's decision automatically became final when the employer failed to request EAB review within 20 days after the mailing. After that date, there was nothing left for EAB to review.

Reversed and remanded with instructions to reinstate the referee's decision.