Argued and submitted November 6, 1987, remanded for further evidence taking
April 20, 1988

In the Matter of the Compensation of
Dennis Berliner, Claimant.

## BERLINER,
*Petitioner,*

*v.*

## WEYERHAEUSER COMPANY,
*Respondent.*

(WCB 85-12191; CA A43382)

752 P2d 1246

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief were Karen M. Werner and Malagon & Moore, Eugene.

Paul Roess, Coos Bay, argued the cause for respondent. With him on the brief was Foss, Whitty & Roess, Coos Bay.

Before Warden, Presiding Judge, and Joseph, Chief Judge,* and Van Hoomissen, Judge.

JOSEPH, C. J.

---

* Joseph, C. J., *vice* Young, J., deceased.

**JOSEPH, C. J.**

Claimant seeks review of a "republished" order of the Workers' Compensation Board. Because we cannot determine whether it acted properly in republishing its order, we remand to the referee for further evidence taking.

The Board initially published its order on October 8, 1986. Claimant never sought review of that order. In January, 1987, claimant and his attorney submitted affidavits to the Board which stated that neither of them had ever received the October 8 order. On February 19, 1987, the Board republished its order. The republished order is exactly the same as the first order except for its date and the first paragraph:

> "Based on the affidavits submitted, the record herein, and in the interests of substantial justice, we are persuaded that our October 8, 1986 order in this matter was not mailed to claimant's attorney. Consequently, that order has not become final. ORS 656.295(8); *Armstrong v. SAIF,* 67 Or App 498 (1984). Since our prior order has not become final, we have jurisdiction to republish it, which we hereby do as follows."

On *de novo* review, however, we cannot determine whether the 1986 order was mailed to the parties, or why the Board concluded that it was not. Claimant's and his attorney's affidavits can establish only that the order was never received, not that it was not mailed. The rest of the record reveals only a standard paragraph at the end of the original order that copies were mailed to all the proper parties on a particular date. That paragraph contradicts the Board's subsequent conclusion that it did not mail the order. On that record, we cannot determine whether the Board mailed its first order.

If the Board mailed that order, it became final 30 days later, and the Board lacked jurisdiction to republish it. If the order was not mailed to all parties, then it was not final, and the Board could republish it. Claimant timely petitioned for review of the republished order.

This court has authority to remand, ORS 656.298(6) (1985),[1] for taking evidence about whether the Board mailed its October 8 order to the parties. We direct that the referee

---

[1] ORS 656.298(6) was amended by Or Laws 1987, ch 884 § 12a. That amendment is not applicable here. *See* Or Laws 1987, ch 884, § 12b; *see also Armstrong v. Aston-Hill,* 90 Or App 200, 752 P2d 312 (1988).

report that evidence to us directly within 60 days of the effective date of this decision. We will then, on *de novo* review, determine the facts. We retain jurisdiction over the petition pending the referee's report. *Armstrong v. SAIF,* 58 Or App 602, 649 P2d 818, *rev den* 293 Or 801 (1982) (petition for review dismissed); 65 Or App 809, 811, 672 P2d 397 (1983) (remanded for evidence taking); 67 Or App 498, 500, 678 P2d 777 (1984).

Remanded for evidence taking in accordance with this opinion.