In the Matter of the Compensation of
Terry L. Turcotte, Claimant.

CATLIN ABEL SCHOOL
and EBI Companies,
*Petitioners,*

*v.*

Terry L. TURCOTTE,
*Respondent.*

(WCB 87-09629; CA A63055)

797 P2d 395

Patric J. Doherty and Rankin, Vavrosky, Doherty, Mac-Coll & Mersereau, Portland, for motion.

David C. Force and Vick & Gutzler, Salem, *contra.*

Before Rossman, Presiding Judge, and Newman and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Employer has moved for a determination of whether we have jurisdiction to review a November 14, 1989, order. We hold that we do not have jurisdiction.

After the Board issued its order, claimant requested reconsideration of the attorney fee portion of that order. The Board issued an order on reconsideration on December 8, 1989, in which it withdrew the November 14 order, assessed an additional $300 in attorney fees and republished the rest of the original order.

The order on reconsideration states that it was mailed to all parties on December 8, 1989. By the time that employer filed a petition for judicial review of the November 14 order, on December 13, 1989, that order had been withdrawn.

Because employer never filed a petition for judicial review of the December 8 order, as required by ORS 656.295,[1] there is nothing over which we have jurisdiction.[2] *Armstrong v. SAIF, supra* n 2.

Judicial review dismissed.

---

[1] ORS 656.295(8) provides, in part:

"An order of the board is final unless within 30 days after the date of mailing of copies of such order to the parties, one of the parties appeals to the Court of Appeals for judicial review pursuant to ORS 656.298."

Employer never received a copy of the order on reconsideration, but it was mailed.

[2] Because petitioners have not shown that their failure to receive the order was caused by the Board, the order cannot be considered a nullity on due process grounds. *Armstrong v. SAIF,* 58 Or App 602, 604, 649 P2d 818, *rev den* 293 Or 801 (1982).