**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3404-18T3

PATRICK MALONE,

 Petitioner-Respondent,

v.

PENNSAUKEN BOARD OF
EDUCATION,

 Respondent-Appellant.

_____

Submitted January 30, 2020 – Decided July 28, 2020

Before Judges Suter and DeAlmeida.

On appeal from the State of New Jersey Department of Labor and Workforce Development, Division of Workers' Compensation, Case No. 2013-16505.

Capehart & Scatchard, PA, attorneys for appellant (John H. Geaney, of counsel; Adam M. Segal, on the brief).

Albert J. Talone, attorney for respondent.

PER CURIAM

Respondent Pennsauken Board of Education (Board) appeals from the March 1, 2019 order of a judge of compensation denying its motion for an order reimbursing the benefits and costs it paid to petitioner Patrick Malone and his attorney pursuant to an order that we later reversed. We reverse and remand for further proceedings.

## I.

The following facts are derived from the record. Malone filed a claim against the Board for workers' compensation benefits, alleging an occupational exposure from his employment caused him a permanent disability. After trial, a judge of compensation entered an order awarding Malone temporary and permanent disability benefits, as well as costs.

The Board filed an appeal from the order. Its motions for a stay of the order were denied by the judge of compensation and this court. When denying the stay, the judge of compensation explained in an oral opinion:

> I'm going to deny the [m]otion to [s]tay. I do believe your argument is that in the event the Appellate Division does overturn my decision that it would be difficult for you to recoup your money. Petitioner needs to be aware of the fact that those monies would, in fact, have to be repaid in the event that the Appellate Division reverses my decision . . . .

While its appeal was pending, the Board paid Malone both a lump sum and weekly benefits totaling almost $117,000. In addition, the Board paid Malone's attorney $24,247.50.

On June 29, 2018, we reversed the judge of compensation's order, concluding it was based on a net expert opinion. Malone v. Pennsauken Bd. of Educ., No. A-3181-16 (App. Div. June 29, 2018).

The Board thereafter demanded Malone and his counsel return the amounts paid under the trial court's reversed order. They refused to return any of the Board's funds.

The Board filed a motion with the judge of compensation for reimbursement of all funds paid pursuant to the reversed order. According to the Board, it intended to obtain an order that could be docketed in the Superior Court as a judgment to facilitate collection against Malone and his counsel.

A judge of compensation denied the Board's motion. The judge explained her decision as follows:

> I do believe that once the case is appealed, the Appellate Division, if they accept it, they have jurisdiction. In this case[,] the decision was reversed, it was not remanded. The issue of repayment was not addressed by the Appellate Division. But I have no statutory authority to do anything with the Malone matter at this point in time, because the Appellate

Division still, in my mind, has jurisdiction over this matter.

. . . .

[T]herefore[,] I am going to deny the motion for reimbursement of the award based on jurisdiction, since this court lacks jurisdiction.

The judge of compensation also questioned whether, even if we had remanded the Board's appeal, she would have the statutory authority to order reimbursement. On March 1, 2019, the judge of compensation entered an order denying the Board's motion for reimbursement.

This appeal followed. The Board makes the following arguments:

POINT I

THE JUDGE OF COMPENSATION HAS JURISDICTION TO ENTER AN ORDER REQUIRING PETITIONER AND PETITIONER'S COUNSEL TO REPAY THE AWARD THAT WAS SUBSEQUENTLY OVERTURNED.

POINT II

IF THE TRIAL COURT DOES NOT HAVE JURISDICTION, THIS COURT SHOULD ENTER AN ORDER REQUIRING PETITIONER AND PETITIONER'S ATTOR[N]EY TO REPAY ALL MONIES PAID UNDER THE ERRONEOUS ORDER.

Malone makes the following argument:

4

RESPONDENT'S NOTICE OF MOTION FOR REIMBURSEMENT/RECOUPMENT OF AWARD PAID WAS UNTIMELY FILED PURSUANT TO <u>RULE</u> 2:11-6 AND AS SUCH THE JULY 29, 2018 DECISION OF THE APPELLATE DIVISION IS FINAL.

## II.

As a general rule, once an appeal is perfected, the trial court is divested of jurisdiction to act, except in the limited circumstances provided in <u>Rule</u> 2:9-1(a). We have the authority to remand an appeal to the trial court for appropriate action, with or without retaining jurisdiction. <u>R.</u> 2:9-1(b).

Here, our original opinion reversed the trial court order directing the Board to pay Malone benefits and costs. Whether the Board was entitled to reimbursement of what it paid under the reversed order was not addressed in the parties' briefs.

We note that a judge of compensation has the statutory authority to "modify any award of compensation, determination and rule for judgment" it has issued. N.J.S.A. 34:15-57. This provision vests in the Division of Workers' Compensation and its judges "discretionary power over its own judgments as is inherent in other courts." <u>Sassarro v. Wright Aeronautical Corp.</u>, 24 N.J. Misc. 57, 60 (C.P. 1946). We view the statute to vest the judge of compensation with

A-3404-18T3

the authority to enter a judgment against Malone and his counsel for the amounts the Board paid to them under the order we later reversed.

In addition, we have considered Malone's argument that the Board's motion for reimbursement was, in effect, an untimely motion for reconsideration of this court's opinion. We conclude the argument lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3404-18T3