Argued January 26, affirmed February 5, petition for
rehearing denied March 3, 1970

STANLEY D. GIBBS, *Appellant, v.*
HOLZMAN, *Respondent.*
464 P2d 839

*Richard Maizels,* Portland, argued the cause for
appellant. On the brief were J. Bradford Shiley, Jr.,
and Maizels, Marquoit & Shiley, Portland.

*Jim G. Russell,* Assistant Attorney General, Salem,
argued the cause for respondent. With him on the
brief were Lee Johnson, Attorney General, and Jacob
B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and
FORT, Judges.

LANGTRY, J.

Plaintiff appeals from a final order dismissing his writ of habeas corpus which attacked extradition proceedings. The order upheld the proceedings.

Error assigned is that the documents from Alabama failed to include "any warrant of arrest issued."

ORS 147.030, a part of the uniform extradition statute, requires that a demand for extradition be supported by the indictment or information from the demanding state "with a copy of any warrant which was issued * * *." Plaintiff contends that there must have been, among the documents certified from Alabama, a warrant, or if none had been issued, a statement saying so.

We will not consider the contention because it was not made in the trial court. Trial counsel, who was not counsel on appeal, at no time referred to an arrest warrant. The most that can be said in this regard is that counsel said to the court:

"* * * I think the Court is correct in saying that the indictment is sufficient. All we are raising, that I don't believe there was enough to hold him here and I don't believe the state, in its evidence, has come up with enough * * *."

In his petition, plaintiff alleged that "the papers * * * are insufficient." There was nothing to alert the trial court to the specific claim of error now made.

No reason is shown why we should depart from the rule that claimed errors not objected to when they occur will not be considered on appeal. A claimed error of this technical nature was urged upon the Colorado Supreme Court as reason for reversing an extradition judgment, and the court said:

"* * * [D]efendant made no objection to

this during the proceedings * * * when it could have been corrected. He cannot now raise that issue * * *." *Fox, Jr. v. People,* 161 Colo 163, 167, 420 P2d 412 (1966).

The order is affirmed.