Argued June 24, reversed and remanded with instructions
August 12, petition for rehearing denied, former opinion
adhered to with supplementation October 4, 1971

## CALVIN, *Appellant, v.* CALVIN, *Defendant,* LIBERTY MUTUAL INSURANCE COMPANY, *Garnishee-Respondent.*

487 P2d 1164
489 P2d 403

*William K. Shepherd,* Portland, argued the cause for appellant. With him on the briefs was Gary A. Thye, Portland.

*Andrew F. Fink,* Portland, argued the cause for garnishee-respondent. On the brief were Robert E. Joseph, Jr., and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

Plaintiff appeals from an order sustaining garni-

shee's demurrer to plaintiff's allegations and interrogatories filed pursuant to ORS 29.310 in a garnishment proceeding.

In 1965 plaintiff, in a divorce decree from defendant, was granted custody of eight children and, *inter alia,* awarded child support and alimony. Defendant soon became grossly delinquent in his support and alimony payments. Defendant was injured in an on-the-job accident in 1968 which was covered by the Workmen's Compensation Law. He was awarded substantial benefits under the Law which the garnishee-insurance carrier for the employer was obligated to pay.

Plaintiff caused a writ of execution and notice of garnishment to issue and they were served upon the garnishee. In its answer to the garnishment the garnishee stated that it still owed $1,026.03 of the larger amount originally awarded, but alleged that the money was workmen's compensation benefits and exempt from execution under ORS 656.234, which provides that such benefits "are exempt from seizure on execution, attachment or garnishment, or by the process of any court."

To this answer the plaintiff filed the "allegations and interrogatories" authorized by ORS 29.310. The allegations recited the background facts and that the garnishee had raised the question of exemption and refused to pay into court the money which was owing to defendant. Plaintiff asked for judgment against the garnishee in the amount of $1,026.03, with interest and costs. To this pleading the garnishee filed a demurrer alleging that insufficient facts were stated to constitute a cause of action. In response plaintiff filed the "exception" prescribed by ORS 29.340, specifying (1) the demurrer was an improper

pleading, and (2) that the exemption is not operable against a claim for support of an injured workman's family. The trial court sustained the demurrer.

In this appeal the plaintiff contends (1) the demurrer was an improper pleading; (2) the exemption of ORS 656.234 is personal to the debtor and may not be exercised by the garnishee; and (3) that the exemption is not operable against a claim for support. The trial court's decision was based upon determination of the third point. The garnishee asserts it desires relief from the "dilemma" in which it finds itself, alleging it is bound to pay benefits in accordance with the Workmen's Compensation Law if it is to continue to do business in Oregon, and the Workmen's Compensation Law provides for the exemption in the words quoted above.

■ (1). The demurrer is suitable for raising the questions in issue. The answer of the garnishee was not unclear or evasive; it said that $1,026.03 was owed in benefits; that the Workmen's Compensation Law provides such benefits are exempt from execution. There was nothing more to be said as to the facts, unless plaintiff questioned their accuracy. Plaintiff was dissatisfied with the answer only as to the claimed exemption, which was a question of law, ordinarily raised by demurrer. The garnishment statutes do not provide a specific vehicle for presenting law questions. However, ORS 1.160 provides that where a court has jurisdiction,

> "* * * all the means to carry it into effect are also given * * * if the course of proceeding is not specifically pointed out by the procedural statutes, any suitable process * * * may be adopted * * * most conformable to the spirit of the procedural statutes."

■ (2). Whether the garnishee could raise the exemption claim was a question of law not presented to the trial court. Although the defendant did not appear at the garnishment proceedings, an order in the trial court file in a contempt proceeding against him for nonpayment of support, dated January 14, 1969, recites facts from which it appears he told the court that he would pay on his support arrearages from his compensation benefits. This might be construed as a waiver by him of his exemption.

However, our review is for error of the trial court. Inasmuch as this point was not raised in the trial court we will not consider it here. *Gibbs v. Holzman,* 2 Or App 17, 464 P2d 839 (1970).

(3). The trial court rested its decision on two factors: the straightforward language of ORS 656.234,

"* * * [workmen's compensation benefits] are exempt from seizure on execution, attachment or garnishment, or by the process of any court,"

and the court's belief that when this section was last amended in 1967 the legislature was aware of a controversy over exemption "from garnishment for alimony payments," and made no change to indicate it intended such an exemption. We find nothing in the record or the legislative history of ORS 656.234 to support the second point. The 1967 amendment simply expanded the operation of the section to include occupational disease benefits.

The language of ORS 656.234 would exempt workmen's benefits from all garnishments if one sentence of the section is read literally and isolated from the rest of the act.

"* * * We ought never to import into a statute

words which are not to be found there, unless from a careful consideration of the entire statute it be ascertained that to import such words is necessary to give effect to the obvious and plain intention and meaning of the legislature * * *." *Barrett et al v. Union Bridge Co.,* 117 Or 566, 570, 245 P 308, 45 ALR 527 (1926), quoted with approval in *Cabell et al v. Cottage Grove et al,* 170 Or 256, 272, 130 P2d 1013, 144 ALR 286 (1942).

In each of these cases the court did not limit itself to an interpretation of one section of the "entire statute," but interpreted the questioned section in the light of the entire act.

The Preamble to the Workmen's Compensation Act has often been used to determine the legislative intent in enacting other sections of the Act. *See,* for example, *Wimer v. Miller,* 235 Or 25, 30, 383 P2d 1005 (1963). Doing the same thing here, we find the following language expressive of one of the overriding purposes for the Act:

"* * * [T]he state and its taxpayers are subjected to * * * providing care and support for such injured workmen *and their dependents,* and * * * this burden should * * * be more fairly distributed * * *." (Emphasis supplied.) ORS 656.004.

■ The legislature was concerned about the care and support of the injured workman and his dependent family; for this reason the workmen's compensation system was created. This being so, it is illogical to think that the benefits of the Act were intended to be withheld from the dependents of an injured workman who refuses to accept the legal obligation to support them.

The same reasoning was the basis of the de-

cision in *Shelley v. Shelley and U. S. Nat. Bank*, 223 Or 328, 354 P2d 282, 91 ALR2d 250 (1960), where a spendthrift trust—otherwise proof against attachment to pay the trust beneficiary's debts—was held subject to attachment for support payments decreed in a divorce case:

"* * * We do not believe that it is sound policy to use the welfare funds of this state in support of the beneficiary's children, while he stands behind the shield of immunity created by a spendthrift trust provision. To endorse such a policy and to permit the spectacle * * * would be to invite disrespect for the administration of justice * * *." 223 Or at 337.

The determination of similar cases in other jurisdictions has been overwhelmingly in accord with our conclusions expressed above. See cases collected in Annotation, 31 ALR3d 532, 542 (1970).

Reversed and remanded with instructions that garnishee pay the attached money into the court for disbursement in accordance with the court's orders.

ON PETITION FOR REHEARING

William K. Shepherd, Portland, for the petition.

No appearance *contra*.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

In a petition for rehearing the plaintiff requests us to change our decision by requiring garnishee to answer the interrogatories and be examined as contemplated by the garnishment statutes. ORS 29.110 et seq. In our opinion we said that plaintiff was satisfied with the amount of money owing which garnishee had set out in its return to the garnishment. That is the impression we had received in oral argument from plaintiff's attorney, but this point was overshadowed by the principal legal issue involved.

Plaintiff is entitled to question the accuracy of the return, and our mandate is modified so that the trial court's judgment is reversed, and the case is remanded for further proceedings pursuant to the applicable statutes.

Rehearing is denied.