Argued August 22, reversed September 19, 1977

# NORGARD, *Respondent,*
## *v.*
# RAWLINSONS & NEW SYSTEM LAUNDRY, *Appellant.*
## (No. A-7702-01569, CA 8488)

569 P2d 49

Philip A. Mongrain, Beaverton, argued the cause and filed the brief for appellant.

Alan M. Scott, Portland, argued the cause for respondent. With him on the brief was Galton & Popick, Portland.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

The issue in this workers' compensation appeal is whether an insurer acts unreasonably, under ORS 656.262(8), thereby subjecting it to the payment of penalties by refusing to pay "compensation" consisting of medical expenses, pending review of a referee's decision when the relevant rule of law is uncertain.

Claimant was injured in an industrial accident in April 1969. The insurer accepted claimant's claim at that time. It was later apparently closed. Subsequently, in January 1974, claimant was hospitalized for low back pain which she contended was compensable as an exacerbation of her original injury. In January 1975, the insurer denied the claim. Claimant filed a request for hearing challenging the denial and in August 1975 a referee of the Workers' Compensation Board held the claimant's low back condition compensable. The insurer thereafter filed a timely request for review of the referee's determination to the Board.

Claimant requested that the insurer pay her medical expenses pending determination of the insurer's request for review. In January 1976, insurer informed the claimant by letter that it would not pay her medical expenses "since we are appealing [your] case."

ORS 656.313(1) provides:

> "Filing by an employer * * * of a request for review or court appeal shall not stay payment of compensation to a claimant."

ORS 656.005(9) states that " 'Compensation' includes all benefits, including medical services, provided for a compensable injury to a subject workman * * *." The insurer's refusal to pay claimant's medical expenses pending review was based on the Workers' Compensation Board's interpretation of ORS 656.005(9) and ORS 656.313(1) in In the Matter of the Compensation of William R. Wood, WCB No. 69-319 (July 30, 1971). In *Wood,* the Board held that medical expenses were not "compensation" within the meaning of ORS

656.313(1). Claimant, on the other hand, requested payment of her medical expenses in reliance on Marion County Circuit Court's decision in In the Matter of the Compensation of Betty Rivera, WCB Case No. 74-2377 (November 3, 1975) which also involved the same insurer as in the instant case. There the trial court rejected the interpretation of the Board in *Wood* and found that payment of medical expenses pending review was required by ORS 656.005(9) and ORS 656.313(1). Insurer does not deny having knowledge of this decision.

After receipt of the insurer's letter rejecting her request for immediate payment of medical expenses, claimant filed another request for hearing before the referee seeking imposition of a penalty and attorney fees under authority of ORS 656.262(8), which provides:

> "If the fund or direct responsibility employer or its insurer unreasonably delays or unreasonably refuses to pay compensation * * * the fund or direct responsibility employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

Before a referee heard this matter the Board, in February 1976, upheld the compensability of claimant's low back condition. This decision was appealed by the insurer to the Multnomah County Circuit Court, which upheld the Board's decision. Thereafter, the insurer promptly paid claimant's medical expenses.

In July 1976, a hearing referee heard the claim for imposition of a penalty and found that the insurer's actions in not paying claimant's medical expenses from August 1975 to April 1976 were not unreasonable under ORS 656.262(8). The Board affirmed this decision in January 1977. Claimant appealed the Board's decision to the Multnomah County Circuit Court. In April 1977, the circuit court reversed the Board and awarded a penalty and attorney fees to the claimant.

Insurer contends that its reliance on the Board decision in *Wood* was proper and no basis exists for an award of a penalty and attorney fees. Claimant argues that insurer's unreasonable conduct was its reliance on a Board decision rather than the decision of the circuit court in *Rivera* in refusing to pay her medical expenses pending review of her claim. Additionally, claimant contends that the decision of this court in February 1977, *Wisherd v. Paul Koch Volkswagen,* 28 Or App 513, 559 P2d 1305, Sup Ct *review denied* (1977), finding that medical expenses were compensation for purposes of ORS 656.313 establishes the unreasonableness of insurer's conduct.

■ The Workers' Compensation Board has statutory authority to review decisions of referees in workers' compensation cases. ORS 656.295. Before the effective date of 1977 statutory amendments, circuit courts had the statutory authority to review decisions of the Board. ORS 656.298. However, the existence of over 30 circuit courts in this state made it a practical impossibility for the Board to be bound by any particular decision of a circuit court, although each party to the circuit court review of a particular Board decision is so bound. Any other result would, at times, have placed the Board in the impossible position of having to follow the conflicting decisions of two or more circuit courts.

■■ Insurer's reliance on a Board decision finding "compensation" in ORS 656.382(1) as not including medical expenses was not unreasonable in light of the respective roles played by the Workers' Compensation Board and the circuit courts in interpreting the Workers' Compensation Law. As long as insurer, as in this case, had a legitimate doubt, from a legal standpoint, of its liability, its conduct was not unreasonable.[1] This

---

[1] Cal Labor Code § 5814 is similar in wording to ORS 656.262(8). In construing its terms, California courts have found that legal doubt as to liability for compensation may establish the reasonableness of an insurer's conduct. *See* e.g., *Kerley v. Workmen's Comp. App. Bd.,* 4 Cal 3d 223, 227, 93 Cal Rptr 192, 195, 481 P2d 200 (1971); *Ramirez v. Workmen's Comp. App. Bd.,* 10 Cal App 3d 227, 234, 235, 88 Cal Rptr 865, 870 (1970).

court's decision in *Wisherd v. Paul Koch Volkswagen, supra,* is not relevant to determining the reasonableness of insurer's conduct. This is so because *Wisherd* was decided some ten months after the insurer paid claimant's medical expenses; thus, it could not have been considered by the insurer in determining its course of action in claimant's case.

■ Claimant also maintains that she is eligible for attorney fees under ORS 656.386, which provides for such fees "* * * where a claimant prevails in an appeal to the circuit court from a board order denying his claim for compensation * * *." Presumably, claimant is referring here not to her original claim for compensation, but to her claim for a penalty and attorney fees which was denied by the Board but upheld by the circuit court. Since we now reverse the decision of the circuit court, we need not consider claimant's argument on this point.

Reversed.