Argued March 21, reversed May 14, 1979

JONES, *Petitioner,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent-Cross-Petitioner.*
(No. WCB No. 77-7311, CA 12343)
594 P2d 1316

Gary K. Jensen, Eugene, argued the cause and filed the brief for petitioner.

Darrell E. Bewley, Salem, argued the cause for respondent-cross-petitioner. On the brief were Clayton Hess, Associate Counsel, and K. R. Maloney, Chief Counsel and James A. Blevins, Chief Trial Counsel, SAIF, Salem.

Before Schwab, Chief Judge, and Lee, Buttler and Joseph, Judges.

JOSEPH, J.

**JOSEPH, J.**

Claimant appeals an order of the Workers' Compensation Board that the State Accident Insurance Fund (SAIF) pay over to the circuit court funds which SAIF had withheld from claimant's temporary total disability compensation and that disallowed any penalty or attorney's fee on account of the withholding.

Claimant's ex-wife caused an order and writ of execution to be issued by the circuit court under ORS 23.760 *et seq.* requiring "defendant's [*i.e.,* claimant's] employer" to withhold 25 percent of the 'disposable earnings due or to become due the [claimant]" to cover current and accrued support obligations to the ex-wife. A copy of the order and writ were delivered to SAIF, and SAIF began withholding 25 percent of claimant's compensation. SAIF did not, however, transmit the withheld funds to the Support Unit of the Department of Human Resources, as the order required "defendant's employer" to do. SAIF chose that course of action because it was uncertain how to resolve the conflict which it perceived between the court order and its statutory obligation to pay "the compensation due *** promptly and directly to the person entitled thereto ***." ORS 656.262(2).

Claimant requested a hearing, alleging that the funds were being unreasonably withheld. The referee concluded that the funds should be paid "into the [circuit] court for disbursement in accordance with the court's order." The referee also ordered SAIF to pay claimant a penalty equal to 10 percent of the compensation withheld and to pay $500 as claimant's attorney's fee. The matter was reviewed by the Board, which eliminated the penalty and attorney's fee and affirmed the order in all other respects.

Meanwhile, the circuit court issued to both claimant and SAIF orders to show cause why they should not be held in contempt. On the representation of counsel that the dispute between claimant and SAIF under the Workers' Compensation Law was being

[313]

appealed, the circuit court postponed the contempt proceedings.

The posture of the case as presented to this court is peculiar. No genuine dispute exists between claimant and SAIF as to whether SAIF was entitled to withhold the funds. Both parties agree that SAIF was not claimant's "employer," was not subject to the circuit court order and had no authority to withhold compensation. The parties do not, however, seem to appreciate the significance of their agreement on those matters. We cannot pretend that there is a genuine dispute and issue an opinion on that pretense. Nor can we determine the rights of the ex-wife or any authority acting on her behalf, because she is not a party to this proceeding. A complete determination of the rights of all those involved, including SAIF, claimant and his ex-wife, might have been obtained in the circuit court contempt proceeding, but not in this proceeding.

■ Because claimant and SAIF have both conceded that SAIF was not claimant's "employer," we reverse the Board's order requiring SAIF to turn over the withheld funds to the circuit court. As between SAIF and claimant, claimant is entitled to those funds.

■ There *is* a dispute between claimant and SAIF as to whether claimant should be awarded a penalty and/or attorney's fee under ORS 656.262(8) and 656.382(1).[1] SAIF has conceded that it was not claimant's

[1] ORS 656.262(8):

"If the fund or direct responsibility employer or its insurer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the fund or direct responsibility employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

ORS 656.382(1):

"If a direct responsibility employer or the State Accident Insurance Fund refuses to pay compensation due under an order of a referee, board or court, or otherwise unreasonably resists the payment of compensation, the employer or fund shall pay to the claimant or his attorney a reasonable attorney's fee as provided in subsection (2) of this section. To the extent a contributing employer has caused the fund to be charged such fees, such employer may be charged with those fees."

"employer," and we conclude that SAIF did not have "a legitimate doubt, from a legal standpoint" concerning its responsibility. *Norgard v. Rawlinsons*, 30 Or App 999, 1003, 569 P2d 49 (1977). The penalty and the attorney's fee were therefore warranted.

Reversed.