# BRESNAN,
*Respondent,*

*v.*

# BRESNAN,
*Defendant,*

# STATE OF OREGON PUBLIC EMPLOYEES RETIREMENT SYSTEM,
*Appellant.*

(No. 344-450, CA 12500)

601 P2d 851

Al J. Laue, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Helen Smith, Portland, argued the cause for respondent. With her on the brief were Harl Haas, District Attorney, and Dale W. Conn, Chief Deputy, Domestic Relations, Portland.

Before Schwab, Chief Judge, and Thornton, Buttler and Joseph, Judges.

BUTTLER, J.

## BUTTLER, J.

The Public Employees Retirement System (PERS) seeks reversal of the order of the circuit court requiring that PERS withhold $140 per month from the retirement benefits payable to defendant George Bresnan and pay it over to plaintiff to apply on delinquent support payments.

The sole issue as framed by the parties is whether ORS 237.201[1] and 23.170[2] exempt pension funds from legal process for the collection of delinquent support payments pursuant to ORS 23.777.[3] We hold that the exemption applies, and therefore reverse.

---

[1] ORS 237.201 provides:

"The right of a person to a pension, an annuity or a retirement allowance, to the return of contribution, the pension, annuity or retirement allowance itself, any optional benefit or death benefit, or any other right accrued or accruing to any person under the provisions of ORS 237.001 to 237.315, and the money in the various funds created by ORS 237.271 and 237.281, shall be exempt from all state, county and municipal taxes heretofore or hereafter imposed, except as provided under ORS chapter 118, shall not be subject to execution, garnishment, attachment or any other process or to the operation of any bankruptcy or insolvency law heretofore or hereafter existing or enacted, and shall be unassignable."

[2] ORS 23.170 provides:

"All pensions granted to any person in recognition by reason of a period of employment by or service for the government of the United States, or any state, or any political subdivision of any state, or any municipality, person, partnership, association or corporation, shall be exempt from execution and all other process, mesne or final. Such exemption shall be effective without necessity of claim thereof by the pensioner."

[3] ORS 23.777 provides:

"(1) In addition to any other remedy provided in law for the enforcement of support, the court, upon notice that support payments or any fees provided for in chapter 458, Oregon Laws 1975, are delinquent and application by the obligee or by the district attorney or Support Enforcement Division of the Department of Justice, shall issue an order directing any employer or trustee, including but not limited to a conservator, of the obligor to withhold and pay over to the Department of Human Resources or the clerk of the court out of which the

order is issued, whichever is appropriate, money due or to become due such obligor in an amount not to exceed:

"(a) One-fourth of the disposable earnings as defined in ORS 23.175 due or becoming due the obligor at each pay period, until all delinquent amounts due together with interest are paid in full, plus all further amounts coming due before the delinquent amounts are paid in full.

"(b) Thereafter at each pay period, the amount ordered to be paid for support, but not more than one-fourth of the disposable earnings as defined in ORS 23.175 due or becoming due the obligor at each pay period.

"(2)(a) An order entered pursuant to this section shall recite the amount of all delinquent support amounts due, together with interest, and the amount required to be paid as continuing support.

"(b) Effective January 1, 1976, the Department of Human Resources or the clerk of the court out of which the order is issued, whichever is appropriate, shall notify any employer or trustee upon whom such an order has been served whenever all delinquent support payment and interest have been paid in full, and whenever for any other reason the amount required to be withheld and paid over to the department under the order as to future pay periods is to be reduced. Prior to January 1, 1976, the district attorney or the Support Enforcement Division shall provide such notification.

"(c) If the obligor's support obligation is required to be paid monthly and his pay periods are at more frequent intervals, the employer or trustee may at the request of the obligor and with the consent of the department withhold and pay over to the department, after all delinquent amounts together with interest have been paid in full, an equal amount at each pay period cumulatively sufficient to pay the monthly support obligation; otherwise the full amount of the support obligation (but not more than one-fourth, or such larger proportion as the court may have ordered pursuant to subsection (3) of this section, of the disposable earnings coming due) shall be withheld and paid from the obligor's first pay periods each month.

"(3) Subject to the provisions of subsections (1) and (2) of this section, the court may in its discretion order the payment of a percentage or gross amount per pay period which is more than one-fourth of the disposable earnings due or becoming due the obligor at each pay period, if so requested in the application filed under subsection (1) of this section, and after citation and opportunity for hearing being accorded to the obligor and the employer or trustee. Upon application of the obligor, the court out of which the order was issued may provide for a hearing based upon affidavits and exhibits and such testimony as the court may find necessary to determine whether to continue the order of the court as it affects future earnings and future, unaccrued support obligations.

"(4) An order issued under subsection (1) or (3) of this section shall be a continuing order and shall remain in effect and be binding upon

The facts are not in dispute. Defendant Bresnan is entitled to a monthly "life pension" retirement allowance of $373.40 from PERS as a retired state employee. He is obligated to plaintiff for $140 per month in spousal support and has not made regular payments since January, 1978. He now resides in the state of Washington. Plaintiff sought and received an order pursuant to ORS 23.777 ordering PERS to withhold and pay over to her $140 per month from the payments due defendant Bresnan. PERS contends that it is exempt from process for the collection of delinquent support payments by reason of ORS 23.170 and 237.201. Both of these statutes state unequivocally that pension benefits are exempt from process.

ORS 23.160 to 23.300 embody a statutory scheme of exemptions from process for certain property of a "judgment debtor," and ORS 23.170 expressly provides exemption for pensions: "All pensions * * * shall be exempt from execution and *all other process*, mesne or final." (Emphasis added.) We are aware that some jurisdictions have held that these types of exemptions are inapplicable to proceedings to enforce payment of support because, they reason, the support obligation is not a "debt" as contemplated by the statutory scheme.

any employer or trustee upon whom it is served until further order of the court.

"(5) An order to withhold issued and served pursuant to this section shall have priority over any notice of garnishment subsequently served upon any employer or trustee of an obligor.

"(6) No employer or trustee who complies acording to its terms with an order under this section or the notice provided for in paragraph (b) of subsection (2) of this section shall be liable to the obligor or to any other person claiming rights derived from the obligor for wrongful withholding.

"(7) An employer or trustee described in subsection (1) of this section who wilfully fails or refuses to withhold or pay the amounts as ordered shall be deemed to be in contempt of the authority of the court and may be held personally liable.

"(8) No employer shall discharge or refuse to hire an employe because of the entry or service of an order of withholding under this section. Any person who violates this subsection shall be deemed to be in contempt of the authority of the court."

*See* 24 Am Jur 2d, Divorce and Separation, 721, 723; *Mahone v. Mahone*, 213 Kan 346, 517 P2d 131 (1973).

■  However, we need not reach that question in this case because the Act which establishes pensions for state employees clearly and expressly exempts such pensions from execution, garnishment, attachment or any other process. ORS 237.201 provides in part:

> "The right of a person to a pension * * * shall not be subject to execution, garnishment, attachment or any other process or to the operation of any bankruptcy or insolvency law heretofore or hereafter existing or enacted * * *."

We see no room for interpretation; the language is clear and unambiguous, and there is nothing in any other section of the Public Employees Retirement Act to indicate that the language is to have any other than its obvious meaning.

The most that can be said to the contrary is that ORS 237.201 and 23.170 were enacted prior to ORS 23.777. Plaintiff contends ORS 23.777 impliedly repeals the relevant provisions of the earlier sections by requiring that the circuit court issue "an order directing any employer or trustee, including but not limited to a conservator" to withhold funds for payment of support obligations.

■■  Our responsibility, when faced with potentially conflicting statutes, is to arrive, if possible, at a construction that will give effect to both. *McLain v. Lafferty*, 257 Or 553, 480 P2d 430 (1971); *Peterson v. Portland Met. Bdry. Com.*, 21 Or App 420, 535 P2d 577 (1975). The question then becomes whether ORS 23.777 necessarily conflicts with the provisions of ORS 237.201. We conclude that it does not. PERS is not an "employer" of defendant Bresnan. It could, arguably, be characterized as a "trustee" because the retirement fund is declared to be a trust fund, ORS 237.271. However, the more reasonable conclusion, and the one most likely intended, is that the reference in ORS 23.777 to a "trustee, including but not limited to a

conservator" is a reference to a private trustee, not PERS.

This interpretation is in accord with *Shelley v. Shelley and U. S. Nat. Bank*, 223 Or 328, 354 P2d 282, 91 ALR2d 250 (1960), in which it was held that a spendthrift trust provision in a private trust could not prevent one having a right to support payments from reaching the trust funds. Such an interpretation of ORS 23.777 gives effect to the provisions of that statute as well as ORS 237.201.

Plaintiff relies on *Calvin v. Calvin*, 6 Or App 572, 487 P2d 1164, 489 P2d 403 (1971), which found a similar exemption in the workers' compensation laws inapplicable in a proceeding involving child and spousal support obligations. This court in *Calvin,* however, relied upon the preamble to the Workers' Compensation Act in determining that payments thereunder were designed for the protection of both the workers and their dependents. Not only is there no comparable language contained in the Public Employees Retirement Act, but the Act specifically permits the pensioner to designate *any* person as a beneficiary of his or her benefits in the event of death. ORS 237.165.

We hold, therefore, that ORS 237.201 prohibits the order entered by the circuit court.[4]

Reversed.

---

[4] Subsequent to the trial of this proceeding, the legislature amended ORS 23.170 and 237.201 to expressly except from the exemptions provided in each of those sections for "executions or other process arising out of a support obligation or an order entered pursuant to ORS 23.777 to 23.783." (Oregon Laws 1979, ch 85, § § 1 and 2.) In *Spicer v. Benefits Association of Railway Employees*, 142 Or 574, 17 P2d 1107 (1933), the Court stated that "a cause must be tried under the rules of procedure existing at the time of the trial, even though they may have changed since the action was instituted." 142 Or at 594. This is a classic application of the "law of the case."