In the Matter of the Compensation of
SANDSTRUM,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND,
*Respondent.*

(WCB Case No. 78-9257, CA 16710)

613 P2d 96

Charles S. Tauman, Portland, argued the cause for petitioner. Robert A. Bennett, Portland, filed the brief for petitioner. With him on the brief was Willner, Bennett, Bobbitt & Hartman, Portland.

Robert J. Yanity, Associate Counsel, State Accident Insurance Fund, Portland, argued the cause for respondent. On the brief were K. R. Maloney, Chief Counsel, James A. Blevins, Chief Trial Counsel, and Darrell E. Bewley, Associate Counsel, State Accident Insurance Fund, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

CAMPBELL, J.

Roberts, J., dissenting opinion.

## CAMPBELL, J.

In this workers' compensation proceeding the issue is whether the State Accident Insurance Fund (SAIF) unreasonably deducted from claimant's permanent partial disability benefits $974.01 pursuant to a wage assignment under ORS 23.777 to satisfy claimant's child support obligation. Claimant appeals from that portion of an order by the Workers' Compensation Board (Board) affirming the referee's order and ruling that SAIF did not act unreasonably in withholding the benefits, and thus that claimant was not entitled to a penalty and an attorney's fee. We affirm.

The chronology of this case is as follows. On August 2, 1972, claimant suffered a compensable injury while working for Timfab, Inc., a contributing employer insured by SAIF. On November 1, 1977, a motion was filed in the Clackamas County Circuit Court requesting an order under ORS 23.777 directing claimant's employer to withhold money due to claimant and pay it to the Department of Human Resources as payment on claimant's past due child support obligation. On November 2, 1977, the circuit court ordered SAIF as "respondent's [claimant's] employer" to "withhold and pay over to the Department of Human Resources . . . 25 %of respondent's disposable earnings as defined in ORS 23.175 . . . ." On December 16, 1977, the Support Enforcement Division directed SAIF to "withhold from wages due [claimant] the amounts" set forth in the court order. Subsequently, SAIF made the deductions from claimant's temporary total disability payments. On May 25, 1978, claimant requested a hearing. There is no indication that the issue of the deductions was raised. (The actual request is not a part of the record.) On September 20, 1978, the issues raised in the request for hearing were settled by stipulation, which awarded claimant 25 percent unscheduled permanent partial disability, to be paid in a lump sum, 25 percent of which was to be paid to claimant's attorney as a reasonable attorney fee. The stipulation and order of

dismissal did not mention the deductions issue. From the stipulated award, however, SAIF deducted $974.01 pursuant to the wage assignment. Claimant requested a hearing on November 20, 1978, raising for the first time the issue of SAIF's right to withhold those sums from his award.

In determining whether SAIF acted unreasonably, the question is whether SAIF "had a legitimate doubt, from a legal standpoint," of its responsibility. *Norgard v. Rawlinsons,* 30 Or App 999, 1003, 569 P2d 49 (1977).

> ORS 23.777 provides in pertinent part:
> "(1) In addition to any other remedy provided in law for the enforcement of support, the court, upon notice that support payments or any fees provided for in chapter 458, Oregon Laws 1975, are delinquent and application by the obligee or by the district attorney or Support Enforcement Division of the Department of Justice, shall issue an order directing any *employer or trustee,* including but not limited to a conservator, or the obligor to withhold and pay over to the Department of Human Resources or the clerk of the court out of which the order is issued, whichever is appropriate, money due or to become due such obligor in an amount not to exceed:
> "(a) One-fourth of the disposable earnings as defined in ORS 23.175 due or becoming due the obligor at each pay period . . ." (Emphasis added).

ORS 23.175(1) defines "disposable earnings" as "that part of the earnings of an individual remaining after the deduction from those earnings of any amounts required to be withheld by law." "Earnings" are "compensation paid or payable for personal services . . . ." ORS 23.175(2).

Claimant argues that this case is controlled by *Jones v. SAIF,* 40 Or App 311, 594 P2d 1316 (1979). In *Jones,* the circuit court ordered "defendant's [claimant's] employer" to withhold 25 percent of claimant's disposable earnings to pay claimant's accrued support

obligation. A copy of this order was delivered to SAIF. SAIF, in doubt about the proper resolution of the perceived conflict between its statutory duty to pay the benefits and the court order, began withholding the required amount, but without transmitting the withheld funds to the Support Unit of the Department of Human Resources as the order required claimant's employer to do. Claimant requested a hearing, contending the funds were being unreasonably withheld. The referee ordered SAIF to pay the funds into the circuit court for disbursement in accordance with the court's order, and also assessed a penalty and an attorney's fee. On review, the Board eliminated the penalty and attorney's fee, affirming the referee's order in all other respects.

In the Court of Appeals SAIF conceded, as it had before the referee and the Board, that it was not claimant's "employer," was not subject to the circuit court order, and had no authority to withhold compensation. Thus, there was no dispute as to claimant's entitlement to the benefits withheld. Noting that SAIF had conceded that it was not claimant's employer, the court concluded that "SAIF did not have 'a legitimate doubt, from a legal standpoint' concerning its responsibility," 40 Or App at 315, *quoting from Norgard v. Rawlinsons, supra,* 30 Or App at 1003, and assessed a penalty and an attorney's fee.

*Jones* may be distinguished from the present case, in that (1) in *Jones* SAIF conceded at all stages of the proceeding that it was not claimant's employer, which it has not done here, and (2) in the present case, unlike in *Jones,* the circuit court specifically directed SAIF to withhold funds rather than referring generally to "defendant's employer."

It is somewhat difficult to understand how SAIF could have legitimately determined in this case that it was claimant's employer or trustee, or that the benefits withheld were compensation for personal services,

especially in light of the fact that almost contemporaneously, in *Jones v. SAIF, supra,* it was conceding the opposite. Nevertheless, SAIF argues that it acted reasonably because at the time of the September 1978 decision to deduct the $974.01 from claimant's benefits, it was faced with the following legal authorities: a circuit court order directing it to withhold the benefits; *Calvin v. Calvin,* 6 Or App 572, 487 P2d 1164 (1971), in which the court held that ORS 656.234, exempting workers' compensation benefits from all garnishments, did not exempt benefits payable to claimant from garnishment to pay claimant's support arrearages; and a January 24, 1978, attorney general's opinion ruling that workers' compensation benefits are subject to wage assignments under ORS 23.777, 38 Op Att'y Gen 1690 (1978), an opinion which, as SAIF points out, has until this time never been withdrawn or held to be incorrect by the appellate courts of this state.

In *Calvin v. Calvin, supra,* the court noted that one of the overriding purposes of the Workers' Compensation Act is to provide "care and support for such injured workmen *and their dependents . . .*" former ORS 656.004. (Emphasis added). The court stated that "it is illogical to think that the benefits of the Act were intended to be withheld from the dependents of an injured workman who refuses to accept the legal obligation to support them." 6 Or App at 577.

Relying exclusively on this rationale, the Attorney General ruled:

> "* * * ORS 656.234 does not exempt worker's compensation benefits from a court process to enforce child support payments and . . . as a result, a wage assignment under ORS 23.777 would be available to enforce child support obligations through the insurance carrier." 38 Op Att'y Gen at 1693.

SAIF is acting in this case, as in *Jones,* in its capacity as the employer's workers' compensation insurance carrier. In that role it has no employer-

employe relationship with the injured worker; the benefits payable to the injured worker are not compensation for personal services performed by the worker for SAIF. SAIF does not contend otherwise. We conclude, therefore, that when SAIF acts only as an insurer, the benefits it pays are not subject to a wage assignment under ORS 23.777.

As stated above, however, the question here is not whether SAIF acted incorrectly, but whether it acted unreasonably. We cannot say that in obeying an order of the circuit court and following an attorney general's opinion directly on point, SAIF acted unreasonably.

Affirmed.

**ROBERTS, J.,** dissenting.

I dissent from the majority opinion because in my opinion it is not necessary to decide whether workers' compensation benefits are subject to wage assignments under ORS 23.777 in order to determine the only question appealed, whether SAIF "had a legitimate doubt, from a legal standpoint," of its responsibility. *Norgard v. Rawlinsons,* 30 Or App 999, 1003, 569 P2d 49 (1977).

The question of the application of ORS 23.777 to workers' compensation benefits was not appealed to the Board, for claimant prevailed at the hearing level and, in fact, no person adversely affected by that decision is a party here. The Board did not decide that issue because, as its order states, "claimant seeks Board review of that portion of the Referee's order which refused to grant penalties and attorney's fees. * * *"

The majority believes it must decide the issue of the application of ORS 23.777 in order to decide the attorney fees and penalty question. I do not agree.

It is obvious that SAIF "had a legitimate doubt, from a legal standpoint" of its responsibility, *Norgard*

*v. Rawlinsons, supra,* because, as the majority points out, SAIF had claimed it was claimant's employer for the purpose of withholding the money and it was faced with a circuit court order directing it to withhold the benefits; as well as the holdings of *Calvin v. Calvin,* 6 Or App 572, 487 P2d 1164 (1971), and 38 Op Att'y Gen 1690 (Or 1978), discussed by the majority. Whether this legitimate doubt existed is all we need consider or decide.

For these reasons, I respectfully dissent.