Argued and submitted March 9; resubmitted in banc October 7,
reversed and remanded October 12, reconsideration denied December 4,
petition for review allowed December 22, 1981 (292 Or 334)

SATTERFIELD,
*Respondent,*

*v.*

SATTERFIELD,
*Appellant,*

WAUSAU INSURANCE COMPANY,
*Respondent.*

(No. 30221, CA 19757)

634 P2d 787

Al J. Laue, Assistant Attorney General, Salem, argued
the cause for appellant. With him on the brief were Dave

Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

No appearance for respondent John Satterfield.

David Horne, Beaverton, argued the cause and filed the brief for respondent Wausau Insurance Company.

THORNTON, J.

Reversed and remanded.

## THORNTON, J.

The sole issue involved in this appeal is whether worker's compensation benefits due an injured worker are subject to attachment and garnishment for the benefit of the worker's dependent children. The worker's former wife appeals from an order by the Circuit Court dismissing garnishment proceedings brought to reach the worker's compensation benefits due her former husband from his employer's insurance carrier, Wausau Insurance Company (Wausau).

The sole assignment of error is the dismissal of her petition for attachment and garnishment of the above benefits. The essential facts are not disputed.

In November, 1979, Satterfield sustained an industrial injury while in the employ of Production Crusher, whose workers' compensation carrier was Wausau. On July 22, 1980, the Workers' Compensation Department issued a Determination Order finding that as a result of the industrial injury claimant had sustained a 100 percent loss of use of the right forearm and awarded claimant the statutory maximum of 150 degrees for loss of use. This award was in the total sum of $15,000, payable in monthly installments of $1,136.74. The first such installment was paid on or about July 30, 1980. On or about September 1, 1980, a writ of garnishment was served on Wausau by the Support Enforcement Division, Department of Justice, State of Oregon on behalf of claimant's ex-wife. The writ of garnishment sets forth a judgment debt in the form of delinquent child support in the amount of $13,825.18. No further payments have been made to Satterfield following receipt of the Writ. As of the present date, the balance owed Satterfield is $13,863.26.

On this appeal the Support Enforcement Division of the State of Oregon appears for wife and argues that the question presented in this case is identical to the question before this court in *Calvin v. Calvin,* 6 Or App 572, 487 P2d 1164, 489 P2d 403 (1971). There the court stated:

"The legislature was concerned about the care and support of the injured workman and his dependent family; for this reason the workmen's compensation system was created. This being so, it is illogical to think that the

benefits of the Act were intended to be withheld from the dependents of an injured workman who refuses to accept the legal obligation to support them." *Ibid.,* 6 Or App at 577.

Wausau argued below that at the time of *Calvin* the number of claimant's dependents was considered in determining the amount of benefits and that subsequently the computation of benefits has been amended to depend upon the claimant's actual earnings. As the Attorney General points out, however, although this is true, *Calvin* did not rest upon this consideration but instead was founded upon the language of the preamble to the Worker's Compensation Act.

"* * * [W]e find the following language expressive of one of the overriding purposes for the Act:

"'* * * [T]he state and its taxpayers are subjected to * * * providing care and support for such injured workmen *and their dependents,* and * * * this burden should * * * be more fairly distributed. * * *' (Emphasis supplied.) ORS 656.004." *Ibid.,* 6 Or App at 577.

The Attorney General argues further that the above language from the Act has remained unchanged since its enactment almost 70 years ago. Since that time the burden of the state and its taxpayers has substantially increased and consequently the rationale should be of continuing force particularly where, as here, the garnishment is sought by the state to recover funds it has already expended for the care and support of the worker's dependents.

Wausau argues that *Calvin* is no longer controlling because ORS 656.210 has since been amended to provide that in determining the rate or amount of temporary total disability benefits payable to an injured worker the number of dependents are no longer taken into account; that the subject monies are workers' compensation benefits and are plainly exempt from execution under ORS 656.234[1], and

---

[1] ORS 656.234 provides:

"No moneys payable under ORS 656.001 to 656.824 on account of injuries or death are subject to assignment prior to their receipt by the beneficiary entitled thereto, nor shall they pass by operation of law. All such moneys and the right to receive them are exempt from seizure on execution, attachment or garnishment, or by the process of any court."

that *Calvin* was wrongly decided, violates settled rules of statutory construction and should be expressly overruled.

A somewhat related issue involving a worker's temporary total disability payments arose in *Jones v. SAIF,* 40 Or App 311, 594 P2d 1316 (1979). In *Jones* the circuit court, acting under ORS 23.760 *et seq* ordered claimant's employer (not SAIF) to withhold 25 percent of claimant's disability payments to pay claimant's accrued support obligation. We held that SAIF was not authorized to withhold compensation from claimant under a garnishment order directed to claimant's "Employer". Penalties and an attorney fee were assessed against SAIF.

Again, in *Sandstrum v. SAIF,* 46 Or App 773, 613 P2d 96, *rev den* 289 Or 677 (1980), the circuit court acting under ORS 23.777 ordered claimant's employer to withhold money due claimant and pay it to the Department of Human Resources as payment on claimant's past due child support obligation. Thereafter the court ordered SAIF "as respondent" [claimant's] employer to "withhold and pay over to the Department of Human Resources * * * 25% of respondent's disposable earnings as defined in ORS 23.175." SAIF did so pursuant to an opinion from the Attorney General. We held that when SAIF acts solely as an insurer, worker's compensation benefits it pays are not subject to wage assignment under ORS 23.777. Further, we held that since SAIF acted under an attorney general's opinion to the contrary and obeyed a circuit court order to withhold benefits pursuant to a wage assignment signed by the claimant, claimant was not entitled to penalties and an attorney's fees. In both of the above cases, although involving other issues, this court implicitly recognized that workers' compensation benefits can be reached in a proper case to satisfy claims for support of an injured worker's dependents under ORS 23.760 *et seq. See also* 38 Op Atty Gen at 1690 (1978).

Further, we regard it as significant that, although *Calvin* was decided in 1971, four sessions of the Legisative Assembly have met and adjourned without any amendment of ORS 656.234, the exemption provision relied upon by Wausau.

We are not persuaded by Wausau's argument that *Calvin* is no longer controlling because ORS 656.210 has since been amended to provide that in determining the rate or amount of temporary total disability benefits, the number of dependents are no longer taken into account.

■■   After reviewing the authorities, we conclude that *Calvin v. Calvin, supra,* was correctly decided and is dispositive of the issue presented here. It follows therefore that the trial court erred in dismissing the writ of garnishment. Additionally, we hold that claimant's contention that 75% of each monthly installment is exempt from garnishment because it constitutes compensation for loss of wages cannot be sustained. The definition of "earnings" in the applicable exemption provision reads:

> " 'Earnings' means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus or otherwise, and includes periodic payments pursuant to a pension or retirement program." (ORS 23.175(2)).

Plainly, worker's compensation benefits do not fall within the above description.

Reversed and remanded.

**GILLETTE, J.,**   dissenting.

Our decision today continues a rule first announced by this court in 1971 in *Calvin v. Calvin,* 6 Or App 572, 487 P2d 1164, 489 P2d 403. I believe that *Calvin* was wrongly decided and ought not to be followed.

In *Calvin* the plaintiff, the ex-wife of defendant and custodian of their eight children, sought garnishment of an amount owing to defendant from Liberty Mutual Insurance Company. The money was part of a Workers' Compensation award. Defendant successfully resisted garnishment in the trial court by virtue of the provision of ORS 656.234, which provided the Workers' Compensation benefits were "exempt from seizure on execution, attachment *or garnishment,* or by the process of any court." (Emphasis supplied)

This court reversed. After first acknowledging that the literal language of the statute exempted compensation

awards like this one from garnishment, we nonetheless held that "* * * it is illogical to think that the benefits of the Act were intended to be withheld from the dependents of an injured workman who refuses to accept the legal obligation to support them." 6 Or App at 577. We reached this conclusion in light of the language in the preamble to the Workers' Compensation Law which stated:

> "* * *[T]he state and its taxpayers are subjected to * * * providing care and support for such injured workmen *and their dependents,* and * * * this burden should * * * be more fairly distributed * * *." Former ORS 656.004. (Emphasis supplied.)

This interesting spectacle of the language in a *preamble* to a statute being used to overrule the plain wording of a *substantive* statutory provision went unreviewed by the Supreme Court. In view of the fact that defendant had no money, the absence of a petition for review does not seem too remarkable.

*Calvin* has been mentioned by us only twice since, neither time affectionately. In *Bresnan v. Bresnan,* 42 Or App 739, 601 P2d 851 (1979), we construed virtually identical language in the Public Employes Retirement Act to *exempt* a public employe's pension from garnishment to pay back support. In *Sandstrum v. SAIF,* 46 Or App 773, 613 P2d 96 (1980), we discussed *Calvin* in the context of resolving a very tangential issue, but no way reconsidered or reaffirmed its holding.

In the present case we are asked to reconsider *Calvin* and give effect to the clear language of ORS 656.234. We should do so. Not only was the opinion wrong as written, its logic has suffered by a change in the Act between 1970 and the present. There is now no substantive language underpinning for our peculiar use of the Act's preamble in 1970. Today, unlike in 1970, benefits are not based in part upon the number of dependents an injured worker may have. Former ORS 656.210.

The best argument—the only real argument— upon which the majority may rely is the passage of time: the legislature has not changed the law since *Calvin.* There are two answers to this:

(1)   One could not make the language any clearer than it is; and

(2)   The constituency most desiring a clarification—fathers delinquent in paying their child support—is not exactly a strong lobby.

We should say we were wrong when we announced *Calvin.* I respectfully dissent.

BUTTLER, J., WARDEN, J., AND YOUNG, J., join in this dissent.