Argued and submitted May 29, reversed in part and
remanded October 12, reconsideration denied December 4,
petition for review allowed December 22, 1981 (292 Or 334)
See later issue Oregon Reports

McINTYRE,
*Respondent,*

*v.*

WRIGHT,
*Defendant,*

*and*

STATE ACCIDENT INSURANCE FUND,
*Appellant.*

(No. 376-325, CA 19231)

634 P2d 493

Darrell E. Bewley, Appellate Counsel, State Accident
Insurance Fund, Salem, argued the cause for appellant.
With him on the brief were K. R. Maloney, General Coun-
sel, and James A. Blevins, Chief Trial Counsel, State
Accident Insurance Fund, Salem.

Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, filed the brief for respondent.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

Roberts, J., concurring opinion.

## GILLETTE, P. J.

Respondent seeks to garnish Workers' Compensation benefits due defendant. The trial court granted a continuing garnishment against defendant's benefits for the lesser of 25 percent of the benefit or $255 per month. Defendant appeals. We reverse in part.

Defendant first contends that a creditor may not garnish Workers' Compensation benefits. Defendant is incorrect. *See Satterfield v. Satterfield,* 54 Or App 184, 634 P2d 787 (1981).[1]

Defendant next contends that, assuming garnishment was permissible, a *continuing* garnishment was not. We agree. In *Weyerhaeuser Co. v. Lynch,* 268 Or 142, 502 P2d 351 (1971), the Oregon Supreme Court stated:

"The law is well settled in Oregon that a garnishment creditor takes only such rights or interests as his debtor had at the time the notice of garnishment was served. *Scheuerman v. Mathison,* 74 Or 40, 144 P 1177 (1914). A garnishing creditor can.stand in no better position than the debtor and garnishees are held only for clearly ascertainable debts owing at the time of service of the notice." 268 Or at 146.

Although *Weyerhaeuser* is distinguishable on its facts, the statement cited is a clear, general prohibition of continuing garnishment.

Respondent admits that *Weyerhaeuser* accurately states Oregon garnishment law, but argues that *Calvin v. Calvin,* 6 Or App 572, 487 P2d 1164, 489 P2d 403 (1971), which holds that Workers' Compensation benefits are not exempt from support obligations, implies that those who are entitled to support payments from the debtor are not creditors and therefore not subject to the general garnishment rules.

ORS 23.777[2] does provide an exception to the general rules of garnishment for those entitled to delinquent

---

[1] But for *Satterfield,* the author of this opinion and Young, J., would reverse this case for the reasons set forth in the dissenting opinion in *Satterfield.*

[2] ORS 23.777 provides:

"(1) In addition to any other remedy provided in law for the enforcement of support, the court, upon notice that support payments or any fees provided for in chapter 458, Oregon Laws 1975, are delinquent and application by the

support payments. Although the garnishment statutes generally do not provide for continuing garnishment, ORS 23.777 allows the court to order "any employer or trustee, including but not limited to a conservator, of the obligor" to withhold "money due *or to become due* such obligor" for payment of delinquent child support. (Emphasis supplied.) Subsection (4) states that such an order "shall be a continuing order and shall remain in effect and be binding * * * until further order of the court." Since this provision specifically authorizes continuing garnishment upon only employers, trustees, or conservators of the obligor, continuing garnishment is implicitly improper as to all others.

obligee or by the district attorney or Support Enforcement Division of the Department of Justice, shall issue an order directing any employer or trustee, including but not limited to a conservator, of the obligor to withhold and pay over to the Department of Human Resources or the clerk of the court out of which the order is issued, whichever is appropriate, money due or to become due such obligor in an amount not to exceed:

"(a) One-fourth of the disposable earnings as defined in ORS 23.175 due or becoming due the obligor at each pay period, until all delinquent amounts due together with interest are paid in full, plus all further amounts coming due before the delinquent amounts are paid in full.

"(b) Thereafter at each pay period, the amount ordered to be paid for support, but not more than one-fourth of the disposable earnings as defined in ORS 23.175 due or becoming due the obligor at each pay period.

"(2) (a) An order entered pursuant to this section shall recite the amount of all delinquent support amounts due, together with interest, and the amount required to be paid as continuing support.

"* * * * *

"(4) An order issued under subsection (1) or (3) of this section shall be a continuing order and shall remain in effect and be binding upon any employer or trustee upon whom it is served until further order of the court.

"(5) An order to withhold issued and served pursuant to this section shall have priority over any notice of garnishment subsequently served upon any employer or trustee of an obligor.

"(6) No employer or trustee who complies according to its terms with an order under this section or the notice provided for in paragraph (b) of subsection (2) of this section shall be liable to the obligor or to any other person claiming rights derived from the obligor for wrongful withholding.

"(7) An employer or trustee described in subsection (1) of this section who wilfully fails or refuses to withhold or pay the amounts as ordered shall be deemed to be in contempt of the authority of the court and may be held personally liable.

"(8) No employer shall discharge or refuse to hire an employe because of the entry or service of an order of withholding under this section. Any person who violates this subsection shall be deemed to be in contempt of the authority of the court."

SAIF is not an employer for purposes of the statute. *Sandstrum v. SAIF,* 46 Or App 773, 613 P2d 96, *rev den* (1980). The state makes no claim that SAIF is either a trustee or conservator; we hold that it is neither. Defendant is simply the third party beneficiary of an insurance contract between SAIF and defendant's employer.

Because SAIF is not a permissible garnishee under ORS 23.777, the support obligor must proceed under the general garnishment statutes and is not, therefore, entitled to continuing garnishment. The trial court's order granting continuing garnishment was in error. The court could garnish only sums owed defendant by SAIF at the time the proceeding was brought. We remand the case to the trial court to determine that amount.

Reversed in part and remanded.

**ROBERTS, J.,** concurring.

The majority bases its decision in this case on our conclusion in *Sandstrum v. SAIF,* 46 Or App 773, 613 P2d 96, *rev den* 289 Or 677 (1980). I dissented in that case because I did not feel it was necessary to reach the issue of whether SAIF is an employer for purposes of ORS 23.777. That issue is central to this case.

SAIF is not an employer in the sense that "the benefits payable to the injured worker are not compensation for personal services performed by the worker for SAIF." *Sandstrum v. SAIF, supra,* 46 Or App at 779. However, the workers' compensation system is intended to provide an injured worker with income while he or she is unable to work and to offset an injured worker's reduced earning ability. There is no doubt that these payments are intended to be a *substitute* for wages. Nevertheless, I agree with the majority that, given the clear language of ORS 23.777, specifically entitling an employer or trustee of an obligor to a continuing garnishment order, it is not our role to import into the statute new reasoning that workers' compensation benefits, because they are paid in lieu of wages, may also be subject to a continuing garnishment.

While we used the general policy language from the preamble to the workers' compensation statute, ORS 656.004, to interpret, and seemingly contradict, another

portion of the workers' compensation statute relating to garnishment in *Calvin v. Calvin,* 6 Or App 572, 577, 487 P2d 1164 (1971), there is no basis on which we might use that same legislative policy to interpret the provisions of a law outside the workers' compensation statutes.[1] Thus, while we remain fully cognizant of the declared legislative intent to "provide care and support for such injured workers and their dependents," ORS 656.004, having said, in *Calvin,* that workers' compensation benefits are garnishable, we must await the Oregon Legislature's declaration that such benefits may be continually garnished, removing from a former spouse having custody of minor children the burden of bringing a new action each month in order to receive child support from a worker who is receiving workers' compensation benefits but refuses to pay a child support obligation.

---

[1] *Calvin* itself has been criticized by other members of this court. *Satterfield v. Satterfield,* 54 Or App 184, 634 P2d 787 (1981) (Gillette, P. J., dissenting).