In the Matter of the Compensation of
Clarence Zwahlen, Claimant.

ZWAHLEN,
*Petitioner,*

*v.*

CROWN ZELLERBACH CO.,
*Respondent.*

(81-07457; CA A27610)

676 P2d 369

Robert K. Udziela, Portland, argued the cause for petitioner. On the brief were William H. Schultz, and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Cynthia S. C. Shanahan, Portland, argued the cause for respondent. With her on the brief were Ronald C. Holloway, and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

PER CURIAM

.

## PER CURIAM

■ In this workers' compensation case, claimant was overpaid certain amounts of temporary total disability after his vocational rehabilitation program was terminated. Relying on OAR 436-54-320, employer unilaterally began to recover the overpayment by deductions from each temporary total disability payment made after the claim was later reopened. The rule does not validly authorize such unilateral recovery. *Forney v. Western States Plywood,* 66 Or App 155, 672 P2d 1376 (1983).

■ Claimant requests penalties and attorney fees. ORS 656.262(10) provides for assessment of attorney fees and penalties against a carrier for "unreasonable refusal to pay compensation," and ORS 656.382 requires a carrier to pay attorney fees if it "unreasonably resists the payment of compensation." Assuming that those provisions are applicable, we conclude that attorney fees and penalties are not warranted. Although the rule could not validly authorize employer's action, until our decision in *Forney* an employer could have a "legitimate doubt, from a legal standpoint" as to its liability for the full amount of claimant's temporary total benefits, *see Norgard v. Rawlinsons,* 30 Or App 999, 1003, 569 P2d 49 (1977), and it was not unreasonable to rely on the rule. *Cf. Sandstrum v. SAIF,* 46 Or App 773, 613 P2d 96, *rev den* 289 Or 677 (1980) (though benefits paid by insurer not subject to wage assignment, carrier acted reasonably in relying on circuit court order and case law).

Reversed and remanded for an order requiring employer to repay amount deducted as an offset.